UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK and THE PEOPLE
OF THE STATE OF NEW YORK,

              Plaintiffs,

    v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
and FEDEX FREIGHT, INC.,

              Defendants.

Civil Action No. 17-cv-5183-ER

**MEMORANDUM OF LAW IN SUPPORT OF
FEDEX GROUND AND FEDEX FREIGHT'S JOINT MOTIONS TO
<u>DISMISS THE AMENDED COMPLAINT AND FOR A STAY</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 8

I.   THE AMENDED COMPLAINT FAILS TO STATE ANY PLAUSIBLE
     CLAIM ......................................................................................................................... 9

     A.   Plaintiffs' CCTA Claims Do Not State a Plausible Claim for Relief. ................ 11

     B.   Plaintiffs' RICO Claims Do Not State a Plausible Claim for Relief. ................ 13

     C.   Plaintiffs' PACT Act Claims Do Not State a Plausible Claim for Relief. ........... 14

     D.   Plaintiffs' New York State-Law Claims Do Not State a Plausible Claim for
          Relief. ........................................................................................................... 15

     E.   Plaintiffs' AOC Claims Do Not State a Plausible Claim for Relief. ................. 17

II.  FEDEX FREIGHT IS NOT A PARTY TO THE AOC AND CANNOT BE
     HELD LIABLE FOR ALLEGED BREACHES OF THAT AGREEMENT. ................. 18

III. FEDEX GROUND IS EXEMPT FROM PLAINTIFFS' PACT ACT AND
     STATE-LAW CLAIMS. ............................................................................................ 20

IV.  A STAY IS WARRANTED. ....................................................................................... 23

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................. 9, 10, 13, 14

*Barreto v. Cty. of Suffolk*,
  762 F. Supp. 2d 482 (E.D.N.Y. 2010) ....................................................................12, 13

*Bautista v. CytoSport, Inc.*,
  223 F.Supp.3d 182 (S.D.N.Y. 2016) .......................................................... 9, 10, 11, 13

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................passim

*Black Car and Livery Ins., Inc. v. H & W Brokerage, Inc.*,
  28 A.D.3d 595 (N.Y. App. Div. 2006) ..........................................................................19

*Blank v. Noumair*,
  239 A.D.2d 534 (N.Y. App. Div. 1997) .........................................................................19

*Boelter v. Hearst Comm., Inc.*,
  15 Civ. 03934, 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016).....................................23, 25

*Bridgewater v. Taylor*,
  745 F. Supp. 2d 355 (S.D.N.Y. 2010) ....................................................................10, 11

*Carson Optical Inc. v. eBay Inc.*,
  202 F. Supp. 3d 247 (E.D.N.Y. 2016) ...........................................................................18

*City of New York v. Golden Feather Smoke Shop, Inc.*,
  No. 08-cv-03966, 2013 WL 3187049 (E.D.N.Y. June 10, 2013) ...................................11

*City of New York v. Wolfpack Tobacco*,
  No. 13-cv-1889-DLC, 2013 WL 5312542 (S.D.N.Y. Sept. 9, 2013) .............................21

*Crawford v. Franklin Mgm't Corp.*,
  758 F.3d 473 (2d. Cir. 2014).........................................................................................13

*D. Penguin Bros. v. City Nat. Bank*,
  587 F. App'x 663 (2d Cir. 2014).....................................................................................14

*Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*,
  No. 11-cv-4491-PGG, 2013 WL 1294519 (S.D.N.Y. Mar. 30, 2013)............................12

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
    385 F.3d 159 (2d Cir. 2004)......................................................................................14

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir.1995)......................................................................................18

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*,
    297 F.R.D. 69 (S.D.N.Y. 2013)..............................................................................23

*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007)........................................................................ 9, 10, 15, 16

*In re Refco Inc. Sec. Litig.*,
    826 F.Supp.2d 478 (S.D.N.Y. 2011) ...................................................................19, 20

*KBL Corp. v. Arnouts*,
    646 F. Supp. 2d 335 (S.D.N.Y. 2009) .........................................................................11

*Keaton v. N.Y.C. D.O.C. Comm. Joseph Ponte*,
    No. 16-cv-3063-KPF, 2017 WL 3382314 (S.D.N.Y. Aug. 4, 2017) ................................9

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)........................................................................................3

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v.*
    *Morgan Stanley Inv. Mgmt. Inc.*,
    712 F.3d 705 (2d Cir. 2013).......................................................................................10

*Pierce v. Woldenburg*,
    No. 11-CV-4248, 2012 WL 3260316 (E.D.N.Y. Aug. 7, 2012).....................................11

*Rennaker Co. Consulting, Inc. v. TLM Grp., LLC*,
    No. 16 CIV. 3787 (DAB), 2017 WL 2304302 (S.D.N.Y. May 18, 2017) ................19, 20

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) .................................................................................................13

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002)..................................................................................12, 16

*State v. United Parcel Serv., Inc.*,
    253 F. Supp. 3d 583 (S.D.N.Y. 2017) ........................................................................15

*United Magazine Co. v. Murdoch Magazines Distribution, Inc.*,
    146 F. Supp. 2d 385 (S.D.N.Y. 2001). ........................................................................15

*W & D Imports, Inc. v. Lia,*
    563 F. App'x 19 (2d Cir. 2014)......................................................................................14

## **STATUTES**

15 U.S.C. § 376a ........................................................................................... 14, 21, 22
18 U.S.C. § 1962 ................................................................................................ 13, 14
18 U.S.C. § 2341(2) ..................................................................................................11
18 U.S.C. § 2342 ......................................................................................................11
N.Y. Executive Law § 63(12)....................................................................................16
N.Y. Public Health Law § 1399-*ll* ............................................................................2

## **OTHER AUTHORITIES**

*Prevent All Cigarette Trafficking Act of 2007, and the Smuggled Tobacco*
    *Prevention Act of 2008: Hearing on H.R. 4081 & H.R. 5689 Before the*
    *Subcomm. on Crime, Terrorism, & Homeland Sec. of the H. Comm. on the*
    *Judiciary*, 110th Cong., at 9 (2008)..........................................................................21

## INTRODUCTION

FedEx Ground Package System, Inc. ("FedEx Ground") and FedEx Freight, Inc. ("FedEx Freight") move to dismiss the amended complaint filed by the State and City of New York ("Plaintiffs") on December 11, 2017, and to stay further proceedings in this matter, if any, pending completion of the trial set for October 2018 in the related consolidated cases pending before this Court ("*FedEx I*" and "*FedEx II*").

This is the third lawsuit ("*FedEx III*") brought by Plaintiffs alleging that FedEx entities delivered packages containing cigarettes in New York in violation of federal and state law and a 2006 Assurance of Compliance ("AOC") between Federal Express Corporation ("FedEx Express"), FedEx Ground, and the State. Unlike the first two iterations of this lawsuit, however, Plaintiffs' third lawsuit fails to identify *any* specific shipper for whom FedEx Ground or FedEx Freight allegedly delivered cigarettes. Rather, they speculate that the companies *may* have delivered cigarettes to New York on behalf of additional shippers whom Plaintiffs hope to identify in discovery. That is not a valid basis for a lawsuit. Because the amended complaint lacks factual allegations necessary to state a plausible claim for relief, it should be dismissed.

Plaintiffs' breach of contract claims against FedEx Freight separately fail as a matter of law because FedEx Freight is not a party to, or even mentioned in, the AOC. Plaintiffs' amended complaint alleges that FedEx Freight is nevertheless "bound" by the AOC because it is affiliated with FedEx Ground, which *is* a party to the AOC. That bare legal conclusion is not enough to survive a motion to dismiss. Courts routinely dismiss contract claims against parties not named in the contract—even where the plaintiff alleges that the third party is bound because of its corporate structure. Because the amended complaint contains no factual allegations stating a plausible contract claim against FedEx Freight, that claim should be dismissed.

1

FedEx Ground and FedEx Freight also respectfully request a stay pending the forthcoming trial in the consolidated cases. When it recently denied Plaintiffs' bid for additional discovery in *FedEx II*, the Court recognized that Plaintiffs might file *FedEx III*. The Court also recognized that there would likely be no need to try a *FedEx III*, and intended its ruling to focus the parties on the claims already set for trial. But Plaintiffs transparently wish to accomplish through the filing of a new lawsuit *exactly* what this Court denied them leave to do: conduct broad and burdensome additional discovery in the hope of continuing to expand the scope of the cases already set for trial in October. Plaintiffs' argument that they need discovery now because witness memories or documents may disappear is unsupported and unpersuasive. The burdens associated with proceeding to wide-ranging discovery in *FedEx III* far outweigh any conceivable risk of prejudice to Plaintiffs. Indeed, the breadth of the potential discovery here is precisely why this Court has repeatedly expressed concern with Plaintiffs' John Doe pleading approach. A stay is warranted.

## BACKGROUND

This motion seeks dismissal of an amended complaint filed by the State and City of New York, in this third installment in a series of lawsuits alleging that FedEx entities "knowingly" shipped untaxed cigarettes to New York consumers and seeking exorbitant damages and penalties. The two prior cases have been consolidated and set for trial in October 2018. (May 25, 2017 Hr'g Tr. at 61:9–12, *FedEx I*, 1:13-cv-9173, ECF No. 347-1.) As the Court knows, the facts underlying these disputes began years before the first lawsuit was filed in December 2013. A brief review of that history, as relevant to the instant complaint, follows.

**Assurance of Compliance.** In 2004, the Attorney General of the State of New York initiated an investigation into a number of common carriers regarding possible violations of New York Public Health Law ("NYPHL") § 1399-*ll*, which prohibits the delivery of cigarettes directly to residences. (Am. Compl. ¶ 29, *FedEx III*, 1:17-cv-05183, ECF No. 34.) Under the NYPHL,

"cigarettes may be shipped only to (a) licensed cigarette tax agents, licensed wholesale dealers, or registered retail dealers, (b) export warehouse proprietors or customs bonded warehouse operators, or (c) agents of the federal or state governments."  (Order on Mot. Dismiss at 2, *FedEx II*, 1:14-cv-08985, ECF No. 70.)

On February 3, 2006, FedEx Express and FedEx Ground entered into an agreement with the State, known as the Assurance of Compliance ("AOC"), under which FedEx Express and FedEx Ground promised to uphold their tobacco policies and to comply with federal and state law regarding tobacco shipments.[1]  As part of the AOC, the State explicitly acknowledged that in 2006 both FedEx Express and FedEx Ground "had adopted, prior to the commencement of the Attorney General's investigation, and currently maintains formal policies" consistent with the NYPHL's goals.  (AOC ¶ 8, *FedEx I*, ECF No. 310-3.)  Specifically, FedEx Express and FedEx Ground agreed "'at all times [to] comply with Pub. Health L. 1399-*ll*,' to terminate relationships with shippers that unlawfully attempted to use FedEx to ship cigarettes to unauthorized recipients, and to report those shippers to the NYAG."  (Am. Compl. ¶ 34, *FedEx III*,  ECF No. 34.)  FedEx Freight did not sign, and is not mentioned anywhere in, the AOC.

*FedEx I.*  The City filed its first lawsuit against FedEx Ground, referred to as *FedEx I*, on December 30, 2013.  (Compl., *FedEx I*, ECF No. 1.)  The City also named FedEx Express as a defendant in *FedEx I*, but it and the State—by then also a plaintiff—voluntarily dismissed their claims against FedEx Express on May 14, 2014.  (Minute Entry, *FedEx I*, ECF No. 31.)  The original complaint alleged that FedEx Ground had "knowingly" allowed a Long Island, New York business, Shinnecock Smoke Shop, to ship contraband cigarettes to New York residents in violation of various federal and state laws and the AOC.  The City amended the *FedEx I* complaint

---

[1] Because Plaintiffs incorporate the AOC in their complaint (*see* Am. Compl. ¶ 11 n.3, *FedEx III*, ECF No. 34), it is properly considered on a motion to dismiss.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230–31 (2d Cir. 2016).

on March 30, 2014, adding the State as a plaintiff and including allegations about three more companies suspected of sending cigarettes through FedEx Ground.  (Am. Compl., *FedEx I*, ECF No. 13.)  In October 2014, Plaintiffs requested leave to file a motion to compel the production of documents related to a shipper that had not been named in the *FedEx I* complaint.  (Pls.' Pre-Mot. Letter, *FedEx I*, ECF No. 43.)  The request was denied.  (*See* Oct. 22, 2014 Minute Entry for Telephonic Conference, *FedEx I*.)

      *FedEx II.*  Following the denial of their request for open-ended discovery in *FedEx I,* Plaintiffs filed a second case against FedEx Ground on November 12, 2014, referred to as *FedEx II*.  (Compl., *FedEx II*, ECF No. 1.)  Unlike the *FedEx I* complaint, which sought damages related to specific shippers for whom FedEx Ground had allegedly delivered cigarettes, the original complaint in *FedEx II* did not limit itself to any specific cigarette shippers.  Instead, it sought "relief for cigarettes delivered by FedEx *for all cigarette delivery-sellers known and unknown*, other than" those at issue in *FedEx I*.  (*Id.* ¶ 16 (emphasis added).)

      This Court rightly expressed concern.  At a December 3, 2014 hearing, the Court observed that "FedEx, like any other litigant, is entitled to the benefits of the statute of limitation."  (Dec. 3, 2014 Hr'g Tr. at 14:22–24, *FedEx II*, ECF No. 15.)  The Court was thus concerned that Plaintiffs' generic complaint could operate as a "unilateral tolling agreement," under which Plaintiffs allowed themselves "the ability to bring in additional claims or additional damages based on activities that, under ordinary circumstances, would be subject to the statute of limitations."  (*Id.* at 14:1–15:4.)

      After the hearing, FedEx Ground filed a brief enumerating the deficiencies in Plaintiffs' *FedEx II* complaint.  (Def.'s Supp. Mot. Dismiss, *FedEx I*, ECF No. 61.)  With regard to the "unnamed shipper" allegations, FedEx Ground argued that Plaintiffs' claims warranted dismissal for three reasons: (i) without identifying the facts underlying their claims, Plaintiffs' boilerplate

allegations did not pass muster under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); (ii) *FedEx II* was a "placeholder litigation," intended to circumvent applicable statutes of limitations as to any shippers Plaintiffs might eventually discover; and (iii) *FedEx II* was a quintessential fishing expedition, through which Plaintiffs sought open-ended discovery to determine whether they could establish any additional claims beyond those alleged in *FedEx I*. (Def.'s Supp. Mot. Dismiss at 3, 7–9, *FedEx I*, ECF No. 61.)

At a hearing on April 24, 2015, Plaintiffs conceded that the unnamed shipper allegations pleaded in *FedEx II* were wholly speculative: "The claim is they violated the CCTA and they did it with this guy and this guy and *they may have done it with another guy*." (Apr. 24, 2015 Hr'g Tr. at 18:12–19, *FedEx II*, ECF No. 24 (emphasis added).) Recognizing the problem with such a theory, the Court asked, "They *may* have done it? . . . They *may* have done this with someone?" (*Id.* at 18:20–25 (emphasis added).) The Court questioned whether that was an "adequate basis" for a complaint: "You said, We're naming these John Doe shippers because we *assume* they must exist because we keep coming across additional names. What you are *not* saying is: We're naming these John Doe shippers because we *know* shipments were made, however we haven't identified yet who they are." (*Id.* at 5:12–20 (emphasis added).) Plaintiffs conceded as much. (*Id.*)

The Court observed that, employing Plaintiffs' logic, they "could file a third complaint now"—with no evidence of further unlawful activity whatsoever—on the basis of "John Does 1 through 100 because they must exist and at some point we'll find out who they are." (*Id.* at 5:21–6:1.) But Plaintiffs assured the Court that they were "not making that isolated complaint. . . . *It is not just a total John Doe complaint*." (*Id.* at 6:2–16 (emphasis added).) Instead, Plaintiffs committed to amend the *FedEx II* complaint to assert allegations involving specific shippers, adding, "[W]e'll do it if we have to, file a third complaint *when we discover more shippers*." (*Id.*

(emphasis added).)

No doubt seeing the writing on the wall, Plaintiffs amended their *FedEx II* complaint on May 8, 2015, to eliminate the John Doe claims and instead seek damages relating to twenty-one specific shippers that allegedly sold contraband cigarettes to New York residents. (*See* Am. Compl. ¶¶ 16, 63, *FedEx II*, ECF No. 23.) After seeking and obtaining discovery as to those shippers, Plaintiffs voluntarily dismissed their claims against all but three of the additional shippers. The Court consolidated *FedEx I* and *FedEx II* on April 15, 2016. (*FedEx I*, ECF No. 184.)

**FedEx III.** The specter of *FedEx III* has long hung over the consolidated litigation and was explicitly forecasted at a May 25, 2017 hearing. At the time, the consolidated cases had been pending for years, and discovery was imminently set to close, but Plaintiffs continued to seek broad discovery about new shippers untethered to the *FedEx I* and *FedEx II* complaints. The Court noted that FedEx Ground could agree to provide additional discovery about new shippers as Plaintiffs had requested, thereby expanding the scope of *FedEx I* and *FedEx II*, and perhaps avoiding a third complaint. In the interest of finality—and the integrity of pleading requirements— FedEx Ground did not consent to Plaintiffs' requests. In denying Plaintiffs' motion to compel additional discovery, the Court observed that it could not stop Plaintiffs from filing *FedEx III*, but noted that "guidance from the jury and from the trial testimony" in *FedEx I / II* would likely obviate the need for *FedEx III*. (May 25, 2017 Hr'g Tr. at 57:16–24, *FedEx I*, ECF No. 347-1.)

Just over a month later, Plaintiffs filed the initial *FedEx III* complaint, which was largely the same as the earlier John Doe complaint filed in *FedEx II*. (*See* Compl., *FedEx III*, ECF No 1.) Despite the Court's sharp criticism of Plaintiffs' earlier John Doe pleading, the first *FedEx III* complaint did not identify *any specific shipper or shipment* of cigarettes. Instead, it asserted

6

exclusively John Doe claims on the assumption that some unlawful shipments must exist beyond those alleged in the consolidated cases.  And each of the claims in the complaint were asserted against both FedEx Ground and FedEx Freight, despite the fact that FedEx Freight is not a party to the AOC.

Citing those defects, FedEx Ground and FedEx Freight requested a pre-motion conference to seek leave to file motions to dismiss or stay *FedEx III*.  (*FedEx III*, ECF No 9.)  Despite representing that they have the information necessary to identify the "universe of shippers," Plaintiffs insisted that they can file "open-ended complaint[s]" allowing them to take "as long as [they] need in discovery until [they] find and uncover each and every shipper."  (Oct. 20, 2017 Hr'g Tr. at 12:15–13:16, *FedEx III*, ECF No. 24.)  They also claimed that "FedEx does a lot of shell games and [plays] fast and loose with their corporate structure."  (*Id.* at 18:1–3.)  Plaintiffs' "principal" counter to the stay request was the supposed risk that unidentified witnesses and documents may become unavailable.  (*Id.* at 9:6–15.)  The Court granted leave to file motions to dismiss and stay (*id.* at 21:22-23), and FedEx Ground and FedEx Freight filed their joint motion on November 20, 2017 (*FedEx III*, ECF No. 31).

On December 11, 2017, Plaintiffs filed the amended complaint at issue in this motion.  (*FedEx III*, ECF No. 34.)  The amended complaint has the same defects as Plaintiffs' initial complaint.  Plaintiffs still refuse to identify specific shippers or shipments on which they base the complaint, and they continue to press an AOC claim against FedEx Freight, despite the fact that FedEx Freight is not a party to that agreement.  What's more, the amended complaint adds new, expansive claims about the scope of FedEx Ground's obligations under the AOC.  Plaintiffs allege, for example, that the AOC required FedEx Ground to take "affirmative steps to ensure that it was well-situated to self-monitor and comply with the law"; "train its employees and contractors to

7

ensure that those individuals declined to accept packages"; and "investigate" certain possibly illegal cigarette shipments. (*Id.* at ¶¶ 148, 150-51.)  None of these obligations appears in the AOC.

## ARGUMENT

The Court should dismiss the amended complaint in its entirety.  *First*, Plaintiffs' vague and conclusory allegations concerning "thousands" of cigarettes allegedly shipped on behalf of various, unnamed shippers do not provide FedEx Ground or FedEx Freight with sufficient notice of their claims.  *Twombly*, 550 U.S. at 555.  Plaintiffs concede that they filed *FedEx III* to obtain discovery from which they might piece together cognizable causes of action beyond those alleged in *FedEx I* and *FedEx II*.  The Federal Rules of Civil Procedure do not permit that exploratory exercise.  *Second*, the AOC claims against FedEx Freight should be dismissed with prejudice because FedEx Freight is not a party to the AOC and cannot be held liable for purported violations of that agreement.  That is true notwithstanding new allegations in the amended complaint describing FedEx Freight's relationship with AOC signatories.  *Third*, the PACT Act explicitly exempts FedEx Ground from its scope and preempts Plaintiffs' state-law claims.

The Court also should stay proceedings in *FedEx III* pending the trial of *FedEx I* and *FedEx II*, scheduled for October 2018, and the *UPS* appeal pending in the Second Circuit. FedEx Ground and FedEx Freight have presented substantial arguments for dismissing the complaint, and the burdens of embarking on discovery in this new, limitless case far outweigh any conceivable prejudice a stay would cause Plaintiffs.  Plaintiffs say witnesses and documents may become unavailable if a stay is ordered—but their impermissibly vague complaint does not put FedEx Ground or FedEx Freight (or the Court) on notice of what witnesses or documents may have discoverable information, nor do Plaintiffs identify any specific evidence they fear may become unavailable.  These flimsy and speculative arguments against a stay does not outweigh the concrete factors FedEx Ground and FedEx Freight (and the Court) have identified that favor a stay.

## I.       THE AMENDED COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIM.

A complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted).  Plaintiffs cannot discharge their obligation merely by reciting "labels and conclusions," or providing a "formulaic recitation of the elements of a cause of action." *Id.*  Rather, Plaintiffs must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bautista v. CytoSport, Inc.*, 223 F.Supp.3d 182, 187 (S.D.N.Y. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Where a complaint pleads facts that are 'merely *consistent* with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Keaton v. Ponte*, No. 16-cv-3063-KPF, 2017 WL 3382314, at *6 (S.D.N.Y. Aug. 4, 2017) (quoting *Iqbal*, 556 U.S. at 678) (emphasis added).

Plaintiffs' complaint falls short because its core allegations are completely generic. Plaintiffs allege, for example, that "FedEx knew that certain deliveries it made for *cigarette shippers* were to residences for consumers" but nonetheless "continued its relationship with the *cigarette dealers* for many years." (Am. Compl. ¶¶ 52, 67 (emphases added).)  But, as the Second Circuit has recognized, a complaint with no specific factual allegations "is nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatever." *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50–51 (2d Cir. 2007) (internal quotation marks omitted).

This Court recognized as much well before Plaintiffs filed *FedEx III*.  At an April 24, 2015 pre-motion conference, the Court observed that, if John Doe pleading were adequate, Plaintiffs could have authored a generic complaint, like the one at issue here, at any time without any factual basis whatsoever.  (Apr. 24, 2015 Hr'g Tr. at 5:21–6:1, *FedEx II*, ECF No. 24.)  In prior rulings, the Court also has recognized the critical importance of Plaintiffs tying their allegations to specific cigarette shippers in rendering those allegations plausible. (Order on Mot. Dismiss at 8, *FedEx II*,

ECF No. 70.)  Plaintiffs have conceded that their John Doe pleading strategy contradicts these earlier rulings which they say were "incorrect" and resulted in "a waste of time."  (Oct. 20, 2017 Hr'g Tr. at 11:19–12:1, *FedEx III*, ECF No. 24.)

At best, Plaintiffs' John Doe complaint raises the "theoretical possibilit[y]" that either FedEx Ground or FedEx Freight has delivered cigarettes for shippers not already covered by the cases currently set for trial.  *See In re Elevator*, 502 F.3d at 50–51; *see also* Apr. 24, 2015 Hr'g Tr. at 18:17–19, *FedEx II*, ECF No. 24 (Mr. Proshansky: "The claim is they violated the CCTA and they did it with this guy . . . and ***they may have done it with another guy***." (emphasis added)).  But Plaintiffs have pleaded no "factual content that allows the court to draw the reasonable inference that [FedEx Ground or FedEx Freight] is liable for the misconduct alleged."  *See Bautista*, 223 F. Supp. 3d at 187 (quoting *Iqbal*, 556 U.S. at 678).

Plaintiffs acknowledge this shortcoming, but claim that the solution is further discovery.  (*See* Oct. 20, 2017 Hr'g Tr. at 12:15–19, *FedEx III*, ECF No. 24 (Court: "Except that this can't be like an open ended we'll take as long as we need in discovery until we find and uncover each and every shipper."  Mr. Proshansky: "Well, but that's the point of having an open ended complaint . . . .").)  Civil litigation is not a forum for Plaintiffs to obtain discovery to support ***future*** claims.  "[A] litigant has to state a claim ***before*** he or she is entitled to discovery."  *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) (emphasis added).  And courts do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678–79).  Accordingly, attempts by litigants to use the discovery process to enable them to build a viable claim for relief are routinely rejected.  *See Bridgewater*, 745 F. Supp. 2d at 358; *see also Pierce v. Woldenburg*, No. 11-CV-4248, 2012

10

WL 3260316, at *3 n. 7 (E.D.N.Y. Aug. 7, 2012) (it is "inappropriate to grant plaintiff discovery for the purpose of attempting to establish the factual basis of his claim"); *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (same).

*FedEx III* should not proceed as a means for Plaintiffs to obtain discovery concerning unknown shippers about whom they hope to discover sufficient facts to assert claims against either FedEx Ground or FedEx Freight.   On an individual basis, Plaintiffs' claims fare no better.

### A.      Plaintiffs' CCTA Claims Do Not State a Plausible Claim for Relief.

Plaintiffs' first claim alleges that FedEx Ground and FedEx Freight both violated the federal Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2342.  (Am. Compl. ¶¶ 112–14.)  The CCTA is a federal statute designed to address "the flow of contraband cigarettes between jurisdictions with differing tax obligations, and the resulting deleterious effects on state and local tax collection."  *City of New York v. Golden Feather Smoke Shop, Inc.*, No. 08-cv-03966, 2013 WL 3187049, at *20 (E.D.N.Y. June 20, 2013).  The CCTA makes it "unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute or purchase contraband cigarettes." *Id.* at *21.  "Contraband cigarettes" are "a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found."  18 U.S.C. § 2341(2).

The amended complaint does not provide "sufficient factual matter . . . to state a [CCTA] claim to relief that is plausible on its face."  *See Bautista*, 223 F. Supp. 3d at 187 (internal quotation omitted).  Plaintiffs do not identify even *one* shipment or shipper of contraband cigarettes to substantiate their claims, relying instead on genericized allegations from *FedEx I* and *FedEx II* on behalf of unspecified "cigarette dealers."  They allege, for example, that both FedEx Ground and FedEx Freight "understood that the cigarette dealers were in the business of selling and shipping untaxed cigarettes to residential customers," "communicated with owners and employees of the

cigarette dealers," "visited the cigarette dealers' premises," and so on. (Am. Compl. ¶ 73.) But, unlike the earlier complaints, Plaintiffs do not allege any *facts* concerning the identity of those shippers, the number of deliveries made on their behalf, the quantity of cigarettes involved, or the cigarettes' origins or destinations. (*Cf.* Am. Compl. ¶¶ 31–58, 64–86, *FedEx I*, ECF No. 13; Am. Compl. ¶¶ 52, 63, *FedEx II*, ECF No. 23.) Plaintiffs also fail to allege facts demonstrating that either FedEx Ground or FedEx Freight shipped "contraband cigarettes" as defined by the CCTA with respect to any shipper.[2] Plaintiffs have conceded that their John Doe allegations are not based on fact, but rather the *possibility* that they may identify additional shippers through discovery. (*See, e.g.*, Apr. 24, 2015 Hr'g Tr. at 4:24–5:11, *FedEx II*, ECF No. 24.) Such "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).

Nor do Plaintiffs' CCTA allegations give FedEx Ground or FedEx Freight "fair notice of what the claim is and the grounds upon which it rests." *See Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, No. 11-cv-4491-PGG, 2013 WL 1294519, at *5 (S.D.N.Y. Mar. 30, 2013), *aff'd*, 552 Fed. App'x. 13 (2d Cir. 2014) (internal quotation marks and citation omitted). "[T]he Supreme Court has held that complaints containing only vague or conclusory accusations with no *specific facts* regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal." *Barreto v. Cty. of Suffolk*, 762 F. Supp. 2d 482, 487 (E.D.N.Y. 2010) (citations omitted) (emphasis added). The amended complaint alleges that FedEx Ground and FedEx Freight "knowingly" shipped contraband cigarettes on behalf of unnamed shippers, but lacks any specific facts that would enable either FedEx Ground or

---

[2] This Court previously rejected the argument that the CCTA does not permit a plaintiff to aggregate the deliveries for a particular seller to reach the statutory threshold of 10,000 cigarettes. (*See* Order on Mot. Dismiss at 9-10, *FedEx I*, ECF No. 68.) Defendants renew that argument here to preserve it for appellate review as necessary.

FedEx Freight to investigate Plaintiffs' claims or defend itself against them (*e.g.*, who allegedly shipped cigarettes, in what time period, into and out of which jurisdictions, by rail or by truck, or how either FedEx Ground or FedEx Freight would have known that the specific cigarettes at issue were unstamped and intended for unauthorized entities).   Simply put, the complaint gives FedEx Ground and FedEx Freight notice of little more than that Plaintiffs seek damages for shipments that meet the statutory definition of CCTA violations.   Because Plaintiffs' conclusory CCTA claim does not support a "reasonable inference that [FedEx Ground or FedEx Freight] is liable for the misconduct alleged," *see Bautista*, 223 F. Supp. 3d at 187 (quoting *Iqbal*, 556 U.S. at 678), or enable FedEx Ground or FedEx Freight to "frame an intelligent defense," *Barreto*, 762 F. Supp. 2d at 487, Count One of the complaint should be dismissed.

### B.    Plaintiffs' RICO Claims Do Not State a Plausible Claim for Relief.

Counts Two and Three allege that FedEx Ground's and FedEx Freight's alleged CCTA violations constituted a pattern of racketeering activity and conspiracy in violation of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 (c), (d).  (Am. Compl. ¶¶ 78–94.)  A substantive RICO claim under Section 1962(c) requires a defendant "to conduct or participate, directly or indirectly, in the conduct of [a RICO] enterprise's affairs," which means that the defendant "must participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).  A RICO conspiracy claim under Section 1962(d) requires proof that a defendant "agreed with at least one other entity to commit a substantive RICO offense." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 487 (2d. Cir. 2014).

Plaintiffs' RICO claims fail for three reasons.  *First*, Plaintiffs' substantive RICO claim under Section 1962(c) is premised on alleged violations of the CCTA.  (*See* Am. Compl. ¶¶ 88– 91.)  By failing to allege any particular instance in which FedEx Ground or FedEx Freight received,

shipped, or distributed more than 10,000 untaxed cigarettes, *see* Section I(a) above, Plaintiffs' complaint fails to allege a pattern of racketeering activity. *See W & D Imports, Inc. v. Lia*, 563 Fed. App'x. 19, 24 (2d Cir. 2014) (sum. op.) (affirming dismissal of a civil RICO claim where complaint "failed to plead a pattern of racketeering"). *Second*, Plaintiffs' failure to adequately allege a substantive RICO claim under Section 1962(c) mandates that the derivative RICO conspiracy claim be dismissed. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004) ("[B]ecause Plaintiffs did not adequately allege a substantive violation of RICO . . . , the District Court properly dismissed [the count] which alleged a RICO conspiracy in violation of 18 U.S.C. § 1962(d)."). *Third*, like their other claims, Plaintiffs' RICO claims are so devoid of factual allegations that they amount to nothing more than "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Such "naked assertion[s] devoid of further factual enhancement" cannot withstand a motion to dismiss. *D. Penguin Bros. v. City Nat. Bank*, 587 Fed. App'x. 663, 667–68 (2d Cir. 2014) (sum. op.) (internal quotation marks omitted) (affirming dismissal of "wholly conclusory" RICO claims).

## C.    Plaintiffs' PACT Act Claims Do Not State a Plausible Claim for Relief.

Count Four of the amended complaint alleges that FedEx Ground and FedEx Freight violated the Prevent All Cigarette Trafficking ("PACT") Act, 15 U.S.C. § 376a, by knowingly delivering cigarette shipments on behalf of unnamed "delivery sellers" named on a federally mandated "Non-Compliant List" maintained by the U.S. Attorney General. (Am. Compl. ¶¶ 76, 95–100.) For reasons discussed in FedEx Ground's motions to dismiss the *FedEx I* and *FedEx II* complaints, and in Section II below, FedEx Ground is exempt from the requirements of the PACT

Act, and Count Four must be dismissed as a matter of law as to them.[3]  (*See* Def.'s Reply, Mot. Dismiss at 11–12, *FedEx II*, ECF No. 40; Def.'s Mot. Dismiss at 11–17, *FedEx I*, ECF No. 210.)

In any event, however, the amended complaint does not state a PACT Act claim against either FedEx Ground or FedEx Freight because Plaintiffs have not alleged ***any facts*** in support of the bare elements of their claim.  Instead, Plaintiffs merely recite the elements of a PACT Act claim and then baldly assert that FedEx Ground and FedEx Freight did not comply with that statute.  (Am. Compl. ¶¶ 95–100.)  The amended complaint does not identify a single shipper from the Non-Compliant List for whom any alleged deliveries were made and contains no facts about these purported shipments.  Because "one could postulate [Plaintiffs' PACT Act allegations] without knowing any facts whatever," Count Four of the complaint should be dismissed.  *See In re Elevator*, 502 F.3d at 50–51.  Indeed, given that years of discovery in the consolidated cases have unearthed ***zero*** instances in which FedEx Ground failed to promptly terminate a shipper placed on the Non-Compliant List, Count Four presses on the boundaries of Federal Rule of Civil Procedure 11, which requires a "good faith basis in fact and law to assert each cause of action against each defendant."  *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 146 F. Supp. 2d 385, 394 (S.D.N.Y. 2001).

### D.    Plaintiffs' New York State-Law Claims Do Not State a Plausible Claim for Relief.

Plaintiffs' state-law claims fail for the same reasons.  Count Five of the amended complaint alleges that FedEx Ground and FedEx Freight violated the NYPHL, which makes it "unlawful for any common or contract carrier to knowingly transport cigarettes to any person in this state reasonably believed by such carrier to be [an unauthorized recipient]," by transporting "thousands

---

[3] The interpretation of the PACT Act's exemption provisions is currently on appeal before the Second Circuit in the *UPS* matter, *State v. United Parcel Serv., Inc.*, 253 F. Supp. 3d 583 (S.D.N.Y. 2017) *appeal docketed*, No. 17-2107 (2d. Cir. July 7, 2017).

of deliveries of cigarettes to unauthorized recipients, including homes or residences, in New York" between 2005 and the present.  (Am. Compl. ¶¶ 142, 144.)  Count Five also asserts a claim under N.Y. Executive Law § 63(12), which authorizes the Attorney General to seek relief for "repeated fraudulent or illegal acts" or "persistent fraud or illegality in the conduct of business." (*Id.* ¶ 101.)

For reasons discussed at length in FedEx Ground's motions to dismiss *FedEx I* and *FedEx II*, and in Section III below, the PACT Act preempts Plaintiffs' NYPHL claims.  Moreover, the Court has determined that "to the extent that Plaintiffs' NYPHL and N.Y. Exec. Law claims survive, Plaintiffs may only seek civil penalties for FedEx's post-[2013] amendment violations of NYPHL § 1399-*ll*."  (Order on Mot. Dismiss at 9, *FedEx I*, ECF No. 298.)  But, in any event, the complaint states no factual allegations sufficient to establish either claim.  Plaintiffs' failure to identify any shipment of cigarettes in *FedEx III* also precludes any determination as to whether the allegations asserted in support of Count Five pre- or post-date the 2013 amendment to the NYPHL.  If the NYPHL allegations pre-date the 2013 amendments, as this Court has already held, they should be dismissed for that reason alone.

Once again, Plaintiffs do not allege any facts to support their claims that either FedEx Ground or FedEx Freight knowingly delivered cigarettes to unauthorized recipients in New York for any of the (unidentified) shippers ***in this case***.  Plaintiffs' purported factual allegations are nothing more than repackaged assertions from *FedEx I* and *FedEx II*, stripped of the shipper-specific facts required to make them plausible.  Such "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Smith*, 291 F.3d at 240.  Because there are not "enough facts to nudge [Plaintiffs' state-law claims] across the line from conceivable to plausible," Count Five must be dismissed.  *See In re Elevator*, 502 F.3d at 50 (quoting *Twombly*, 550 U.S. at 570).

E.      **Plaintiffs' AOC Claims Do Not State a Plausible Claim for Relief.**

Finally, Plaintiffs' AOC claims fail for the now-familiar reason that the amended complaint does not identify any shipment of cigarettes to New York residents, or any facts from which it may be inferred that FedEx Ground or FedEx Freight ever "bec[ame] aware" that packages it delivered to New York consumers on behalf of the (unidentified) shippers at issue *in this case* contained cigarettes.  (AOC ¶ 14, *FedEx I*, ECF No. 310-3.)  Theoretical assertions that FedEx Ground or FedEx Freight did not terminate the accounts of some, unspecified cigarette shippers, or report them to the State, do not amount to plausible claims for relief.  *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Without specific factual allegations about the shippers or shipments at issue, Plaintiffs' assertions that the FedEx entities named in the amended complaint should have terminated unspecified accounts or notified the State about them are "merely legal conclusions resting on the[ir] prior allegations."  *Id.* at 564.

Equally problematic, the amended complaint newly alleges that the AOC required other "affirmative steps" that can be found nowhere in the agreement itself.  (Am. Compl. ¶¶ 148.)  For example, although the amended complaint alleges that the AOC obligated FedEx Ground to "self-monitor," "train its employees," and "investigate" illegal shipments—none of those words or obligations appears in the AOC.  Nor could those obligations reasonably be read into the AOC, an agreement that acknowledged and required FedEx Ground to continue following its preexisting tobacco policy—not one that piled-on new obligations that would change how FedEx Ground handles packages or trains employees.  By expanding the possible scope of liability under the AOC, Plaintiffs only exacerbate the problems caused by their impermissibly vague complaint.  They also are setting the stage to argue that discovery in *FedEx III* (if it is not dismissed) should be at least as wide-ranging as the years-long discovery process in the consolidated cases.

Plaintiffs' revisions to the complaint also render their AOC allegations internally inconsistent.  Plaintiffs now allege, for example, that "FedEx" failed to "instruct[] and train its employees and contractors to ensure that those individuals declined to accept packages" reasonably suspected of containing cigarettes, and failed to "investigate" and "confirm the contents" of every such package, in violation of the AOC.  (Am. Compl. ¶¶ 150-51.)  But elsewhere the amended complaint acknowledges that "FedEx has a system of notifications that are generated when FedEx employees discover that a customer is shipping or attempting to ship prohibited materials through FedEx" and that, "[i]n the ordinary course of business, FedEx would issue a warning to the offending shipper regarding the prohibited shipment and ultimately, if prohibited shipments continued, terminate its business relationship with the shipper."  (*Id.* ¶ 66.)  Plaintiffs thus concede that FedEx Ground employed a process for identifying illicit cigarette shipments, warning shippers about the tobacco policy, and terminating their accounts if prohibited shipments continued.  Accordingly, in resolving this motion to dismiss, the Court need not presume the truth of Plaintiffs' allegations that FedEx failed to "instruct[] and train . . . employers and contractors."  *See Hirsch v. Arthur Andersen & Co*., 72 F.3d 1085, 1095 (2d Cir. 1995) (affirming dismissal of a complaint where "attenuated allegations" supporting claim were "contradicted . . . by more specific allegations in the Complaint"); *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016) ("[W]here plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.").

## II. FEDEX FREIGHT IS NOT A PARTY TO THE AOC AND CANNOT BE HELD LIABLE FOR ALLEGED BREACHES OF THAT AGREEMENT.

Separately, Plaintiffs' AOC claims against FedEx Freight fail as a matter of law because it is ***undisputed*** that FedEx Freight is not a party to the AOC.  Non-parties cannot be held liable for

a breach of contract under New York law and are properly dismissed from such actions on a motion to dismiss. *See Black Car and Livery Ins., Inc. v. H & W Brokerage, Inc.*, 813 N.Y.S.2d 751, 752 (N.Y. App. Div. 2006) ("[T]he breach of contract cause of action was properly dismissed as to the respondent, since he was not a party to the agreement in question."); *Blank v. Noumair*, 658 N.Y.S.2d 88, 88 (N.Y. App. Div. 1997) ("Similarly, the plaintiff's breach of contract cause of action was properly dismissed inasmuch as the defendant was not party to agreements in question."); *see also In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 493 (S.D.N.Y. 2011) (dismissing contract claims against non-parties). This "general rule" has only a few narrow exceptions, such as when circumstances justify piercing the corporate veil of a contracting party, or show that the contracting parties intended a non-party to be bound. *See Rennaker Co. Consulting, Inc. v. TLM Grp., LLC*, No. 16 CIV. 3787 (DAB), 2017 WL 2304302, at *2 (S.D.N.Y. May 18, 2017).

The AOC was entered into by the State of New York on one side and FedEx Express and FedEx Ground on the other. FedEx Freight, a separate and distinct legal entity from FedEx Express and FedEx Ground, cannot be held liable for purported violations of a contract to which it is not a party. *See id.* ("[I]t is black letter law that non-parties ordinarily cannot be held liable for a breach of contract.").

The amended complaint includes an allegation that FedEx Ground and FedEx Freight "are sister companies and affiliates under New York law [such that] all terms and conditions of the AOC are fully binding on and applicable to FedEx Freight." (Am. Compl. ¶ 33.) That allegation does not help Plaintiffs, for two reasons. First, it amounts to a legal conclusion and thus is not entitled to a presumption of truth on a motion to dismiss. *See Twombly*, 550 U.S. at 544, 555. Second, the statement is contrary to both black-letter contract law and commercial reality. It is

well-established that "[p]arent and subsidiary or affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of the other absent a demonstration that there was an exercise of complete dominion and control . . . ." *In re Refco*, 826 F. Supp. 2d at 495 (citation omitted).  Even where an agreement specifically contemplates a non-party as an "affiliated entity," dismissal is required absent such proof of "complete dominion and control."  *See Rennaker*, 2017 WL 2304302, at *2 (dismissing contract claims against non-party even though plaintiff alleged contract (i) intended for non-party to be bound and (ii) contemplated non-party as an "affiliated entity").  Plaintiffs do not—and cannot, consistent with Rule 11—make any such factual allegations here.[4]

Plaintiffs' amended complaint contains no factual allegations supporting departure from the general rule that a company cannot be held liable for violating a contract to which it is not a party.  The AOC-related claims against FedEx Freight should be dismissed.

## III.   FEDEX GROUND IS EXEMPT FROM PLAINTIFFS' PACT ACT AND STATE-LAW CLAIMS.

Counts Four and Five (Plaintiffs' PACT Act and state-law claims, respectively) against FedEx Ground must also be dismissed as a matter of law for the independent reason that the AOC exempts FedEx Ground from the PACT Act's requirements, and the PACT Act, in turn, preempts Plaintiffs' state-law claims.

"The PACT Act regulates remote sales of cigarettes, and imposes a variety of requirements on sellers of cigarettes with the aim of ensuring that taxes are paid and cigarettes are not sold to

---

[4] Lacking any factual basis for their claim, Plaintiffs resorted at the pre-motion conference to baseless and inflammatory rhetoric, stating that "FedEx does a lot of shell games and [plays] fast and loose with their corporate structure."  (Oct. 20, 2017 Hr'g Tr. at 18:1–3, *FedEx III*, ECF No. 24.)  FedEx's corporate structure is hardly unique and certainly not "inherently insidious."  (*See id.* at 9-10.)  In any event, the amended complaint contains no factual allegations from which any negative inference could be drawn regarding the bona fides of the various FedEx companies' corporate structures.

children." (Order on Mot. Dismiss at 9, *FedEx II*, ECF No. 70 (quoting *City of New York v. Wolfpack Tobacco*, No. 13-cv-1889 (DLC), 2013 WL 5312542, at *3 (S.D.N.Y. Sept. 9, 2013)).) The law "generally provides that no person who delivers cigarettes or smokeless tobacco to consumers shall knowingly complete [] its portion of a delivery of any package for any person whose name and address are on the federally-maintained list of unregistered or noncompliant delivery sellers." (*Id.* (citing 15 U.S.C. § 376a(e)(2)(A)).)

The Act's legislative history confirms that Congress was specifically aware of the AOC and contemporaneous agreements reached between the New York Attorney General and other common carriers, and the primary target of the PACT Act was the U.S. Postal Service. *See Prevent All Cigarette Trafficking Act of 2007, and the Smuggled Tobacco Prevention Act of 2008: Hearing on H.R. 4081 & H.R. 5689 Before the Subcomm. on Crime, Terrorism, & Homeland Sec. of the H. Comm. on the Judiciary*, 110th Cong., at 9 (2008) ("[T]he only [entity that] would actually be covered by this in a real practical sense is the United States Postal Service. Everyone else would already be following their status quo operations."). To that end, the PACT Act expressly **exempts** FedEx Ground from its requirements and any lawsuits arising from alleged failures to meet them, *see* 15 U.S.C. § 376a(e)(3)(A), (e)(3)(B)(ii)(I), and **preempts** state laws prohibiting the delivery of cigarettes to individual consumers or residences as against common carriers who qualify for the PACT Act exemption, *see id.* § 376a(e)(5)(C)(ii).

This Court has already recognized that "if the AOC qualifies as a settlement agreement under the PACT Act, FedEx is exempted and no NYPHL claim can be brought against it." (Order on Def.'s Mot. Dismiss at 10, *FedEx II*, ECF No. 70.) As the Court knows, the PACT Act expressly recognizes "the Assurance of Compliance entered into by the Attorney General of New York and Federal Express Corporation and FedEx Ground Package Systems, Inc. on or about

21

February 3, 2006," as an agreement that qualifies FedEx Ground for both the Act's exemption and preemption protections, so long as that agreement "is honored throughout the United States."[5] *See* 15 U.S.C. § 376a(e)(3)(B)(ii)(I).

Plaintiffs allege that FedEx Ground and FedEx Freight do not qualify for the PACT Act's protections "because FedEx does not 'honor' its agreement throughout the United States." (Am. Compl. ¶ 98.)  But, as discussed at length in Section I above, the so-called "facts" alleged in Plaintiffs' complaint are nothing more than speculation and legal conclusions.  And Plaintiffs may not rely on unproven allegations from *FedEx I* and *FedEx II* to "nudge" their claim into the realm of plausibility.  *Twombly*, 550 U.S. at 544, 564 (dismissing claims where allegations were "merely legal conclusions resting on . . . prior allegations").

This Court's rulings confirm as much.  In 2016, the Court held that the PACT Act exemption barred Plaintiffs' PACT Act and NYPHL claims because Plaintiffs "ha[d] not made any allegations suggesting that the AOC did not have nationwide effect." (Order on Mot. Dismiss at 13, *FedEx II*, ECF No. 70.)  Only after Plaintiffs amended their complaint to allege ***specific facts*** about cigarette shippers located in New York, Kentucky, and California (*see* Am. Compl. ¶¶ 51-63, *FedEx II*, ECF No. 74) did the Court find that Plaintiffs had plausibly alleged that their claims were not preempted.  (Order on Mot. Dismiss at 13, *FedEx I,* ECF No. 298, ("Given the degree of non-compliance alleged in the [operative complaint], the finder of fact could conclude that FedEx no longer recognizes the nationwide effect of the AOC.").)

Unlike the amended *FedEx II* complaint, the instant amended complaint does not include

---

[5] For reasons discussed at length in FedEx Ground's earlier motions to dismiss in *FedEx I* and *FedEx II*, and in the interest of issue preservation here, FedEx Ground respectfully renews its argument that "honored throughout the United States" means "recognized" by the various states, as this Court held in its March 31, 2016 Order. (*See* Order on Mot. Dismiss at 11–12, *FedEx II*, ECF No. 70.)  Because Plaintiffs have not alleged that the AOC did not have nationwide effect, and their PACT Act claim is thus "duplicative of a claim for violating the AOC" (*see id.* at 13), Counts Four and Five of the Complaint should be dismissed.

*any* allegations about specific shippers or shipments of cigarettes—much less cigarette shipments outside New York—to substantiate Plaintiffs' conclusory allegation that FedEx Ground has not honored the AOC nationwide.  Nor should this Court credit the "degree of non-compliance" alleged in the complaint (*see id.*) where Plaintiffs recognize that FedEx Ground's alleged delivery of contraband cigarettes was a "depart[ure] from its usual business practices," that FedEx Ground employs "a system of notifications that are generated when FedEx Employees discover" illicit shipments, and that, "[i]n the ordinary course of business, FedEx would issue a warning to the offending shipper . . . and ultimately, if prohibited shipments continued, terminate" the shipper's account.  (Am. Compl. ¶ 66.)  Because Plaintiffs have failed to allege facts that plausibly negate the PACT Act exemption, FedEx Ground is exempt from the PACT Act, and Plaintiffs' NYPHL claims are preempted.  For these independent reasons, Counts Four and Five should be dismissed.

## IV.    A STAY IS WARRANTED.

Given the substantial arguments for dismissal outlined above, FedEx Ground and FedEx Freight also respectfully request an indefinite stay.  This Court has broad discretion to stay discovery for good cause.  *Boelter v. Hearst Comm., Inc.*, 15 Civ. 03934(AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016).  In determining whether good cause exists, courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  All three factors weigh in favor of a stay here.[6]

*First*, the potential breadth of discovery weighs heavily in favor of a stay.  Plaintiffs apparently view this lawsuit as a vehicle to obtain the virtually boundless discovery they sought—

---

[6] Indeed, in similar circumstances, this Court *sua sponte* found good cause to stay discovery in *FedEx II* pending resolution of FedEx Ground's motion for partial dismissal in *FedEx I*.  (*See* Dec. 3, 2014 Hr'g Tr. at 26:19–24, *FedEx II*, ECF No. 15.)

and were denied—in the consolidated cases set for trial.  But the breadth of that potential discovery is precisely the reason this Court has repeatedly expressed concern with Plaintiffs' John Doe pleading.  (Oct. 20, 2017 Hr'g Tr. at 12:15–19, *FedEx III*, ECF No. 24 (Court: "Except [that] this can't be like an open ended we'll take as long as we need in discovery until we find and uncover each and every shipper."  Mr. Proshansky: "Well, but that's the point of having an open ended complaint . . . ."); Dec. 3, 2014 Hr'g Tr. at 14:1–15:4, *FedEx II*, ECF No. 15 (considering whether *FedEx II* John Doe allegations would allow Plaintiffs "to bring in additional claims or additional damages based on activities that, under ordinary circumstances, would be subject to the statute of limitations").)  Moreover, if past is prologue, Plaintiffs' decision to name FedEx Freight as a defendant and expand their AOC claims will give rise to a seemingly endless series of new and unique discovery requests geared toward that corporation.  As the Court has acknowledged, Plaintiffs plainly intend to use discovery in *FedEx III* "to track down every possible illicit shipment that was made through FedEx."  (May 25, 2017 Hr'g Tr. at 56:24–57:3, *FedEx I*, ECF No. 347-1.)

*Second*, the absence of a risk of prejudice to Plaintiffs weighs in favor of a stay.  Plaintiffs argue a stay would prejudice them "in terms of witness memory" and "documents."  (Oct. 20, 2017 Hr'g Tr. at 9:6–9:15, *FedEx III*, ECF No. 24.)  But, because their complaint fails to identify any of the shippers or shipments at issue in *FedEx III*, FedEx Ground and FedEx Freight cannot even identify the universe of witnesses and documents that are relevant to Plaintiffs' claims.  And Plaintiffs **concede** that these concerns are "much less likely to be true in *FedEx III* which [apparently] deal[s] with more recent claims."  (*See id.* at 9:18-25.)

The burden imposed by permitting discovery would far outweigh any imagined prejudice to Plaintiffs caused by granting a stay.  Given the John Doe complaints filed in this case, Plaintiffs seem to expect both FedEx Ground and FedEx Freight to prepare for litigation as to any and all of

their shippers.  In addition, Plaintiffs have pressed for expedited discovery that they hope to use in the upcoming trials.  FedEx Ground is preparing for trial on the existing record.  The specter of endless document requests and depositions consuming its resources and leading to inevitable disputes about the scope of the October trial would inflict substantial prejudice.  Further, the outcome there may well vindicate FedEx Ground or otherwise obviate the need for further proceedings in *FedEx III*.  (*Cf.* May 25, 2017 Hr'g Tr. at 57:16–24, *FedEx I*, ECF No. 347-1 (Court: "And if [Plaintiffs] are able to establish your case at trial with respect *to FedEx I* and *II*, I doubt that you'll have to do a *FedEx III* because liability will have been established in some fashion and that all of the parties will have gotten some guidance from the jury and from the trial testimony as to how it is likely going to sort of play out in the future.").)[7]

*Third*, for the reasons explained above, this motion presents "substantial arguments for dismissal" that weigh in favor of a stay.  *See Boelter*, 2016 WL 361554, at \*5 (internal quotation marks omitted).  Plaintiffs argue that this motion to dismiss lacks merit because the "same complaint[s]" have survived motions to dismiss.  (Oct. 20, 2017 Hr'g Tr. at 10:23–11:1, *FedEx III*, ECF No. 24.)  But neither of their prior complaints ultimately pursued John Doe claims—no doubt due to this Court's obvious concerns about the sufficiency of such a pleading strategy.

For all these reasons, a stay is warranted.

## CONCLUSION

For the reasons set forth herein and in prior memoranda of law, the amended complaint should be dismissed in its entirety.  All proceedings in this case should be stayed indefinitely.

---

[7] As the Court knows, Plaintiffs pressed similar claims against another common carrier, United Parcel Service ("UPS").  The pending appeal in that matter raises legal issues of first impression in this Circuit—including the proper interpretation of the PACT Act—that may bear on the viability of some of Plaintiffs' claims in this case. (Oct. 20, 2017 Hr'g Tr. at 7:19-8:4 (suggesting UPS appeal is relevant to stay analysis).)

Dated: January 5, 2018

Respectfully submitted,

WILKINSON WALSH + ESKOVITZ LLP

By:   /s/ *Beth A. Wilkinson*
      Beth A. Wilkinson
      Brian L. Stekloff
      Lori Alvino McGill
      Jeremy S. Barber
      1900 M Street NW #800
      Washington, DC 20036
      (202) 841-4000

      *Attorneys for Defendants FedEx Ground Package System, Inc. and FedEx Freight, Inc.*