UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE CITY OF NEW YORK and THE PEOPLE OF
THE STATE OF NEW YORK,

                                        Plaintiffs,

                    - against -

FEDEX GROUND PACKAGE SYSTEM, INC., and
FEDEX FREIGHT, INC.,

                                        Defendants.

**OPINION AND ORDER**

17 Civ. 5183 (ER)

Ramos, D.J.:

        Plaintiffs The City of New York and The People of the State of New York (collectively,

"Plaintiffs") bring this action against FedEx Ground Package System, Inc. ("FedEx Ground")

and FedEx Freight, Inc. ("FedEx Freight"), alleging that they knowingly shipped unstamped

cigarettes in contravention of federal and state law.  Plaintiffs seek the appointment of a special

master, injunctive relief, damages, and penalties under the Contraband Cigarette Trafficking Act,

18 U.S.C. § 2341 *et seq.* ("CCTA"); treble damages and attorney's fees under the Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"); damages and

penalties under the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 376a *et seq.* ("PACT

Act"); an injunction and penalties under N.Y. Executive Law § 63(12) ("N.Y. Exec. L.

§ 63(12)") and N.Y. Public Health Law § 1399-ll ("N.Y. P.H.L. § 1399-ll"); and penalties under

the 2006 Assurance of Compliance ("AOC") entered into by the State of New York and FedEx

Ground.  Before this Court are FedEx Ground and FedEx Freight's joint motions to dismiss

Plaintiffs' amended complaint in its entirety and to stay discovery.  For the reasons discussed

below, Defendants' motion to dismiss is GRANTED and their motion to stay discovery is

DENIED.

## I.  BACKGROUND

This is the third civil action brought by Plaintiffs against FedEx Ground, and the first brought against FedEx Freight, alleging that each shipped cigarettes in New York in violation of state law, federal law, and the AOC signed by Federal Express Corp. ("FedEx Express"), FedEx Ground, and the State of New York.  A brief summary of the proceedings to date is set out below.

### A.  *Assurance of Compliance*

In 2004, the New York Attorney General investigated multiple common carriers for violating N.Y. P.H.L.§ 1399-ll, which bans common carriers from knowingly shipping cigarettes to unauthorized persons in New York.  AOC ¶ 6.  On February 3, 2006, FedEx Express and FedEx Ground entered into an Assurance of Compliance with New York State in which they promised to comply with § 1399-ll and their internal policies preventing cigarette distribution, AOC ¶¶ 10–13, among other obligations.  FedEx Express and FedEx Ground agreed to pay the State a $1,000 penalty for each violation of the AOC.  AOC ¶ 23.  The AOC states that it shall be binding on and apply "to FedEx, its officers, directors, employees, affiliates, assignees and any individual, corporation, subsidiary or division through which FedEx may now or hereinafter act, as well as any successors in interest."  AOC ¶ 31.

### B.  *FedEx I*

On December 30, 2013, the City of New York sued FedEx Express and FedEx Ground for allegedly shipping untaxed cigarettes on behalf of Shinnecock Smoke Shop, a business located on the Shinnecock Reservation in New York.  *See FedEx I* Doc. 1 ¶¶ 2, 30–37.  The original complaint sought injunctive relief, damages, and penalties under the CCTA and PACT Act, treble damages and attorney's fees under RICO, an injunction and penalties under N.Y.

P.H.L. § 1399-ll, and abatement of a public nuisance. *See FedEx I* Doc. 1 ¶ 2. The City

dismissed the action against Federal Express on February 14, 2014. *FedEx I* Doc. 6. On March

30, 2014, the City amended its complaint to add the State of New York as a plaintiff and also a

cause of action for breach of the AOC negotiated between the State of New York and FedEx.

*See FedEx I* Doc. 13 ¶¶ 20, 130–33. The amended complaint also added allegations and claims

against FedEx relating to three other shippers: CD2U, Native Made, and FOW. *FedEx I* Doc.

13 ¶¶ 40–45, 46–50, 51–58. This amended complaint is now one of the two operative

complaints in this case. On March 9, 2015, the Court dismissed Plaintiffs' N.Y. P.H.L. § 1399-ll

and public nuisance claims. *See City of New York v. FedEx Ground Package Sys.*, 91 F. Supp.

3d 512, 528–30 (S.D.N.Y. 2015). Plaintiffs later conceded their PACT and RICO claims. *See*

*FedEx I* Doc. 103 at 3 n.1, Doc. 581.

During the course of discovery in *FedEx I*, Plaintiffs learned the identities of additional

alleged sellers. *FedEx I* Doc. 165 at 2. Plaintiffs sought discovery on these sellers, *FedEx I* Doc.

165 at 2, but in October 2014 Magistrate Judge Fox limited the scope of discovery in *FedEx I* to

the four sellers in the Amended Complaint, *FedEx I* Doc. 165 at 2.

C.     *FedEx II*

Plaintiffs consequently sued FedEx Ground again on November 12, 2014. Plaintiffs

made substantially similar allegations in their complaint but did not name any shippers, instead

claiming relief for deliveries made by FedEx for *all* shippers, "known and unknown." *FedEx II*

Compl. ¶ 16. Shortly after, Plaintiffs amended their complaint to name twenty-one sellers,

*FedEx II* Am. Compl. at ¶ 63, then reduced the number to six upon further discovery, *FedEx II*

Doc. 65. Plaintiffs amended their complaint against on April 14, 2016, to include additional

facts concerning the AOC. *FedEx II* Doc. 74. Other than the identities of the shippers involved,

*FedEx I* and *FedEx II* involve near-identical facts and legal claims. The Court consolidated *FedEx I* and *FedEx II* on April 15, 2016. *FedEx I* Doc. 184. There are, however, still separate pleadings for the two cases. *See FedEx I* Doc. 580 (denying Plaintiffs' motion for leave to file a consolidated complaint).

In *FedEx I*, after the Court dismissed Plaintiffs' § 1399-ll and public nuisance claims, *FedEx*, 91 F. Supp. 3d at 529, 530, Plaintiffs withdrew their PACT claim, *FedEx I* Doc. 103 at 3 n.1, and Plaintiffs withdrew their RICO claims, *FedEx I* Doc. 581, only Plaintiffs' CCTA and AOC claims remain. In *FedEx II*, after Plaintiffs withdrew their RICO claims, Plaintiffs' AOC, CCTA, N.Y. Exec. L. § 63(12), and N.Y. P.H.L. § 1399-ll claims remain. Trial for the consolidated case is set to begin on October 9, 2018.

D.      *FedEx III*

In early 2017, Plaintiffs sought additional discovery pertaining to several shippers unnamed in either *FedEx I* or *FedEx II*'s complaint. *FedEx I* Doc. 336 at 13–14. The Court offered FedEx Ground a choice: it could either give Plaintiffs the requested discovery, or anticipate a third lawsuit seeking damages for shipments related to additional shippers. *FedEx I* Doc. 336 at 53:11–20. FedEx Ground opted to give Plaintiffs the requested discovery. *FedEx I* Doc. 336 56:1–3.

As expected, Plaintiffs sued FedEx Ground for the third time on July 10, 2017. Doc. 1. Plaintiffs amended their complaint on December 11, 2017. Doc. 34. This time, Plaintiffs also named FedEx Freight as a defendant. They do not limit their complaint to any specific shipper, and specifically exclude claims arising from shippers named in *FedEx I* and *FedEx II*. Am. Compl. ¶ 17.

The core facts alleged, however, remain the same. As in the previous cases, Plaintiffs'

complaint in this case alleges that Defendants knowingly delivered unstamped and therefore

untaxed cigarettes from contraband cigarette trafficking businesses to residences and other

entities unlicensed to deal cigarettes, incurring penalties under the AOC and depriving Plaintiffs

of tax revenue. *Compare* Am. Compl. ¶¶12–15 *with FedEx II* Sec. Am. Compl. ¶¶12–14. The

legal violations alleged also remain near-identical. Plaintiffs claim that Defendants shipped

cigarettes in violation of the CCTA, RICO, PACT, N.Y. Exec. Law § 63(12), N.Y. P.H.L.

§ 1399-ll, and the AOC.

On January 5, 2018, Defendants moved to dismiss Plaintiffs' complaint in its entirety and

stay discovery indefinitely. Doc. 36. Plaintiffs responded on January 26, 2018. Doc. 39.

Defendants replied on February 14, 2018. Doc. 43.

## II.    LEGAL STANDARD

On Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the

complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch v. Christie's*

*Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). The Court is not, however, required to credit "mere

conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007));

*see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the

plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the]

complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery "for

good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay

is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer

Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

However, discovery should not be automatically stayed simply on the basis that a motion to

dismiss has been filed. *Id.*; *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance

Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In deciding whether to grant a stay when a motion to

dismiss has been filed, the court should also consider the breadth of the discovery sought, the

burden of responding to the discovery sought, and the strength of the underlying motion.

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept.

1, 2009).

III.    **DISCUSSION**

    A.    *Motion to Dismiss*

    1.    <u>CCTA</u>

The CCTA makes it "unlawful for any person knowingly to ship, transport, receive,

possess, sell, distribute, or purchase contraband cigarettes[.]" 18 U.S.C. § 2342(a). The term

"contraband cigarettes" refers to "a quantity in excess of 10,000 cigarettes, which bear no

evidence of the payment of applicable State or local cigarette taxes in the State or locality where

such cigarettes are found . . . and which are in the possession of" someone unauthorized to have

them. 18 U.S.C. § 2341(2). In New York, as in many jurisdictions, entities show that they have

paid the applicable taxes on cigarettes through a carton stamp. *See* N.Y. Tax. L. §§ 471, 471-a;

N.Y. New York City Ad. Code § 11-1302(a)(1).  Thus, a person violates the CCTA when they

(1) knowingly ship, transport, receive, possess, sell, distribute, or purchase (2) more than 10,000

cigarettes (3) that are unstamped (4) under circumstances where law requires that they be

stamped.  *City of New York v. Gordon*, 155 F. Supp. 3d 411, 420 (S.D.N.Y. 2015) (citing *City of*

*New York v. Lasership, Inc.*, 33 F. Supp. 3d 303, 312 (S.D.N.Y. 2014)).

Plaintiffs do not state a plausible claim under the CCTA.  The Amended Complaint

alleges that "[b]eginning at least as early as February 3, 2006, and continuing until at least April

2016, FedEx . . . knowingly shipped tens of thousands of cartons of cigarettes, including

unstamped cigarettes, to Unauthorized Recipients, including individual residences and persons

unlicensed to deal in tobacco products[.]"  Am. Compl. ¶ 50.  Plaintiffs do not allege further

details concerning these shipments, including from where they were made.  Their complaint

simply alleges that, sometime within a ten-year span, FedEx made shipments totaling over

10,000 cigarettes.  Without further details, there is insufficient factual content to "draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

Plaintiffs cite some allegations from their Amended Complaint as examples of "detailed

allegations" that support "strong, if not inescapable inferences" that FedEx violated the CCTA.

*See* Pls.' Opp. at 12–13.  But those allegations only suggest that, *if* FedEx shipped cigarettes for

their customers, they did so knowingly.  *See, e.g.*, Am. Compl. ¶ 73(a) ("FedEx employees

. . . understood that the cigarette sellers were in the business of selling and shipping untaxed

cigarettes."); Am. Compl. ¶ 60 ("FedEx employees visited the premises of its cigarette shipper

clients and observed packages containing cartons of cigarettes to be delivered by FedEx to

residential customers."). When it comes to factual allegations showing whether Plaintiffs did the underlying act—shipping unstamped cigarettes—the Amended Complaint is conclusory.

Plaintiffs argue that they do not need to provide seller names *per se* to survive a motion to dismiss. *See* Pls.' Opp. at 4–9. The Court agrees. Plaintiffs do, however, need to plead more details regarding the many shippers they claim Defendants knowingly service by shipping cigarettes. One way to do this would be to include more specific allegations regarding the circumstances of the alleged shipments, like their origin, frequency, and date of shipments. Another way to do this would be to include the names of the sellers on whose behalf Plaintiffs allegedly shipped cigarettes. This was Plaintiffs' approach in *FedEx I* and *FedEx II*. Seller names are not part of the cause of action, but by pleading seller names, Plaintiffs add factual matter that, accepted as true, make their otherwise generic claims against FedEx plausible.[1]

In lieu of including such information, Plaintiffs urge the Court to look to unspecified extraneous statements and documents. Pls.' Opp. at 9–10. The Court cannot do that here. In order for a court to take account of materials unattached to and unincorporated in the complaint, the plaintiffs must rely on the "terms and effect" of the materials in drafting the complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006). Whatever statements or documents Plaintiffs have in mind for the Court to consider do not meet this standard. The only statement or document whose terms and effect the Amended Complaint relies upon is the AOC,

---

[1] The City and State cite cases finding that, when suing for harassing phone calls, plaintiffs did not need to include in their complaint the actual telephone numbers called to state a plausible claim against defendants. *See* Pls.' Opp. at 7–8, citing *Ghawi v. Law Offices of Howard Lee Schiff*, 2014 WL 6885141 (D. Conn. Dec. 1, 2014); *Leon v. Target Corp.*, 2015 WL 1275918 (M.D. Pa. Mar. 19, 2015). It is unclear, however, how a recipient's phone number is analogous to a cigarette seller's identity. Clearly the recipient exists despite his or her phone number's absence from the complaint, because the recipient is the plaintiff. Additionally, though *Leon* held that "a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged," it ultimately dismissed the plaintiff's complaint for failure to plead details like the timing and number of offending calls. *Leon*, 2015 WL 1275918 at *3.

which has no bearing on the question of whether FedEx shipped unstamped cigarettes or not; at least subsequent to its execution.

The Court understands Plaintiffs' concern that a more specific complaint will force them to file yet more lawsuits if discovery turns up evidence of more expansive wrongdoing. But this concern cannot justify an overbroad complaint, which would frustrate this litigation in its own ways. As written, the Amended Complaint opens the doors to discovery of Defendants' shipping records over a ten-year span, with no limitations on shipment origin. Allowing such broad discovery to proceed would put FedEx at risk of becoming subject to "a fishing expedition." *Cleveland-Goins v. City of New York*, 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999). Plaintiffs claim they know for a fact that FedEx shipped unstamped cigarettes for particular sellers unnamed in *FedEx I* and *FedEx II*. *See* Pls.' Opp. at 10–11. If so, they may start with pleadings relating to these shipments, for which they have sufficient factual support. What they may not do is start with a generic complaint, then use an invasive discovery process to find and articulate specific claims.

2.     RICO Claims[2]

Section 1962(c) of RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." The elements of a § 1962(c) violation thus are (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018). Section 1962(d) of RICO makes it "unlawful for any person to conspire to violate" a substantive RICO offense, including

---

[2] Plaintiffs abandoned their RICO claims in *FedEx I* and *FedEx II*. *See FedEx I* Doc. 581.

§ 1962(c).  The elements of a § 1962(d) violation thus are (1) an agreement (2) with at least one

other entity (3) to commit a substantive RICO offense.  *Crawford v. Franklin Credit*

*Management Corp.*, 758 F.3d 473, 487 (2d Cir. 2014).  Thus, claims under both § 1962(c) and

(d) require that the plaintiff adequately allege a pattern of racketeering activity.  *Nichols v.*

*Mahoney*, 608 F. Supp. 2d 526, 533 (S.D.N.Y. 2009).

Plaintiffs do not adequately plead RICO violations.  The racketeering activity that forms

the basis for Plaintiffs' § 1962(c) and § 1962(d) claims is FedEx's alleged shipments of

unstamped cigarettes.  Am. Compl. ¶ 88.  For the reasons stated in the above section, Plaintiffs

have failed to plausibly allege that FedEx engaged in this conduct.  *See supra* III.A.1.  Because a

pattern of racketeering activity is an essential element of a RICO claim, Plaintiffs' failure to

adequately plead the element requires that their RICO claims be dismissed.

Plaintiffs also fail to adequately plead violations of RICO by failing to name or describe

specific cigarette shippers.  The existence of an enterprise is an element of RICO.  18 U.S.C.

§ 1962(c)–(d).  Therefore, unlike the CCTA, RICO requires the existence of the shippers as an

element of the offense.  In their complaint, Plaintiffs allege that every shipper on whose behalf

Defendants knowingly shipped cigarettes is an enterprise under RICO.  Am. Compl. ¶ 118.

Without describing any further details on a key element of RICO, including identifying the

enterprises, Plaintiffs have wholly failed to state a plausible claim.

3.      PACT Act and New York State Law

The PACT Act obliges the U.S. Attorney General to "compile a list of delivery sellers of

cigarettes or smokeless tobacco that have not registered with the Attorney General" though

required to do so.  15 U.S.C. § 376a(e)(1)(A).  Persons who receive the list cannot "knowingly

complete, cause to be completed, or complete its portion of a delivery of any package for any

person whose name and address are on the list," unless "the person making the delivery knows or believes in good faith that the item does not include cigarettes or smokeless tobacco;" "the delivery is made to a person lawfully engaged in the business of manufacturing, distributing, or selling cigarettes or smokeless tobacco;" or "the package being delivered weighs more than 100 pounds and the person making the delivery does not know or have reasonable cause to believe that the package contains cigarettes or smokeless tobacco." 15 U.S.C. § 376a(e)(2)(A).

The PACT Act provides that this prohibition shall not apply to certain exempted entities. 15 U.S.C. § 376a(e)(3)(A). The PACT Act also provides that "[n]o State . . . may enforce against a common carrier a law prohibiting the delivery of cigarettes or other tobacco products to individual consumers or personal residences" if the common carrier is an exempt entity. 15 U.S.C. § 376a(e)(5)(C). FedEx Ground received the non-compliant list and is one of those exempted entities, so long as the AOC it signed with the State of New York "is honored throughout the United States to block illegal deliveries of cigarettes or smokeless tobacco to consumers." 15 U.S.C. § 376a(e)(3)(B). This Court has found that given the degree of non-compliance alleged in the *FedEx II* Second Amended Complaint, "the finder of fact could conclude that FedEx [Ground] no longer recognizes the nationwide effect of the AOC. In that event, FedEx [Ground] would no longer be exempt under the PACT Act, and FedEx could be held liable for violations of [N.Y. P.H.L.] § 1399-ll." *City of New York v. FedEx Ground Package Sys., Inc.*, 2017 WL 740067, at *7 (S.D.N.Y. Feb. 21, 2017). A similar degree of non-compliance alleged in the *FedEx II* complaint is alleged in the *FedEx III* complaint. *Compare* Am. Compl. ¶¶ 29–68 *with FedEx II* Sec. Am. Compl. ¶¶ 27–50. But the *FedEx III* complaint does not plausibly allege that FedEx Ground knowingly shipped cigarettes, for the reasons discussed in part III.A.1. Lacking a plausible allegation that Defendants knowingly shipped

11

cigarettes on behalf of the shippers that Plaintiffs claim they did, the Amended Complaint does not allow for a finder of fact to conclude that FedEx Ground no longer recognizes the nationwide effect of the AOC. Thus, the Amended Complaint does not plausibly allege that FedEx Ground is not exempt from PACT Act and state law claims.

FedEx Freight, alleged by Plaintiffs to have received the non-compliant list, is not a signatory to the AOC, and so is not exempt from PACT Act and state law claims. Nonetheless, the Court dismisses the PACT Act and state law claims against FedEx Freight.

Under the PACT Act, an entity that has received the non-compliant list cannot complete a delivery for someone on that list unless one of the exceptions apply. 15 U.S.C. § 376a(e)(2)(A). Under § 1399-ll, a common carrier may not knowingly transport cigarettes to any person in New York reasonably believed by the carrier to be other than a person authorized to receive cigarettes. The Amended Complaint does not plausibly allege violations of either the PACT Act or § 1399-ll because it does not contain enough details on the origins of the shipments at issue. The elements of a § 1399-ll claim are very similar to a CCTA claim. The same reasoning supporting dismissal discussed in part III.A.1 applies to Plaintiffs' § 1399-ll claims. Plaintiffs need to plead more details about the offending shipments in order to successfully plead a § 1399-ll claim. To successfully plead a PACT Act claim, Plaintiffs additionally must provide the names of the shippers on whose behalf FedEx allegedly shipped cigarettes. The existence of the shipper name on the non-compliant list is an element of a PACT claim. Without shipper names, the Court has no way of assessing whether the shippers are on the non-compliant list.

4.    AOC

Plaintiffs' AOC claims are dismissed for the same reasons the articulated in part III.A.1. Plaintiffs allege that, among other activities, Defendants knowingly shipped cigarettes for many

12

shippers and failed to terminate them in accordance with the AOC's requirements. Am. Compl. ¶¶ 146–158. To make a plausible claim for breach of the AOC, Plaintiffs need to provide more details about the shippers involved.

Defendants additionally seek to dismiss Plaintiffs' AOC claim against FedEx Freight on the ground that FedEx Freight is a non-party to the AOC.[3] The Court does not presently address this argument because the AOC claims are dismissed on other grounds.

      B.     *Motion to Stay Discovery*

Defendants seek an indefinite stay of discovery.[4] Now that Defendants' motion to stay discovery has been granted as to all claims, the Court finds no good cause to stay discovery indefinitely. Since the Court grants Defendants' motion to dismiss, however, discovery is stayed until the filing of an amended complaint.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED, without prejudice, as to all claims, and their motion to stay discovery is GRANTED IN PART and DENIED IN PART. If Plaintiffs choose to amend their complaint again, they must file the amended complaint by October 31, 2018. The Clerk of the Court is respectfully directed to terminate the motions, Doc. 30 and Doc. 36.

Dated: September 26, 2018
      New York, New York

                                  Edgardo Ramos, U.S.D.J.

---

[3] The AOC is a private agreement between the State of New York and FedEx Ground and FedEx Express. AOC at 1. Neither Plaintiffs nor Defendants dispute that the Court should construe the AOC as a contract. *See* Defs.' Mem. at 18–19; Pls.' Opp. at 21.

[4] Defendants alternately request a "stay [of] discovery," Defs.' Mem. at 23, and a stay of all proceedings, Defs.' Mem at 25. Because the notice of their motion requests a stay of discovery, *see* Doc. 36, the Court construes the motion as one for a stay of discovery.