UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

THE CITY OF NEW YORK and THE PEOPLE OF THE
STATE OF NEW YORK,

                                Plaintiffs,             Civ. No. 13-cv-9173 (ER)

-against-                                        Civ. No. 14-cv-8985 (ER)


FEDEX GROUND PACKAGE SYSTEM, INC.,

                                Defendants.

------------------------------------------------------------------------- X

THE CITY OF NEW YORK and THE PEOPLE OF THE
STATE OF NEW YORK,

                                Plaintiffs,             Civ. No. 17-cv-5183 (ER)


-against-


FEDEX GROUND PACKAGE SYSTEM, INC., and
FEDEX FREIGHT, INC.,

                                Defendants.

------------------------------------------------------------------------- X

## ORDER FOR DISMISSAL AND RETENTION OF JURISDICTION

       Plaintiffs the City of New York and the People of the State of New York, and defendant

FedEx Ground Package System, Inc., the parties to *City of New York et al. v. FedEx Ground*

*Package System, Inc.* Civ. Nos. 13-9173 and  14-cv-8985, together with defendant FedEx Freight,

Inc., (collectively the "Parties") in *City of New York et al. v. FedEx Ground Package System, Inc.*

*et al.*, Civ. No. 17-cv-5183 ("Actions"), agree that these Actions have been settled and that all

issues and controversies have been resolved to their mutual satisfaction pursuant to a settlement

agreement ("Settlement Agreement") executed on December 27, 2018.  The Parties respectfully

request the Court to retain jurisdiction to enforce the terms of their Settlement Agreement under

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 375 (1994) and Federal Rule of Civil Procedure 41(a)(2):

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The Parties agree to comply with the terms of their Settlement Agreement entered into on December 27, 2018 and annexed to this Order as Exhibit A.

2.     The Court shall retain jurisdiction to resolve any disputes under and enforce the terms of the Settlement Agreement under the authority of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994).

3.     The term of the Settlement Agreement and this Court's retention of jurisdiction shall be two years from the execution of the Settlement Agreement.  The Court may extend the term of the Settlement Agreement as set forth in paragraph 25 of the agreement.

4.     Except as provided for in paragraph 2 above, the Actions are dismissed, with prejudice, and each party shall bear its own attorney's fees and costs.

**IT IS SO ORDERED this** 15th **day of** January , 2019:

District Judge Edgardo Ramos

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
THE CITY OF NEW YORK and THE PEOPLE OF THE
STATE OF NEW YORK,

                                  Plaintiffs,

-against-                                                                Civ. No. 13-cv-9173 (ER)
                                                                         Civ. No. 14-cv-8985 (ER)
FEDEX   GROUND   PACKAGE   SYSTEM,   INC.,


                                Defendants.


------------------------------------------------------------------------ X
THE CITY OF NEW YORK and THE PEOPLE OF THE
STATE OF NEW YORK,


                                Plaintiffs,

                                                                         Civ. No. 17-cv-5183 (ER)

-against-


FEDEX   GROUND   PACKAGE   SYSTEM,   INC.,   and
FEDEX FREIGHT, INC.,


                                Defendants.


------------------------------------------------------------------------ X


## SETTLEMENT AGREEMENT

## RECITALS

**WHEREAS**, on December 30, 2013, the City of New York (the "City") commenced an action against FedEx Ground Package System, Inc., ("FedEx Ground") captioned *City of New York v. FedEx Ground Package System, Inc.* (Civil Action No. 13-cv-9173-ER) ("*FedEx I*"), for damages, injunctive and other relief arising out of FedEx Ground's alleged shipment of illegal cigarettes under the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 *et seq.*; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d); the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375 *et seq.* ("PACT Act"); the New York Public Health Law, § 1399-ll ("PHL § 1399-ll"); and for abatement of a public nuisance;

**WHEREAS**, on March 30, 2014, an amended complaint was filed in *FedEx I* adding the People of the State of New York (the "NYOAG") as a plaintiff and adding a claim for FedEx Ground's alleged violation of an Assurance of Compliance ("AOC") entered into with the NYOAG in February 2006 (the "AOC Claim");

**WHEREAS**, on November 12, 2014, Plaintiffs commenced a second action captioned *The City of New York and The People of the State of New York v. FedEx Ground Package System, Inc.*, (Civil Action No. 14-cv-8985-ER) ("*FedEx II*") alleging conduct similar to that alleged in the operative complaint in *FedEx I*;

**WHEREAS**, on July 10, 2017, Plaintiffs commenced *The City of New York and The People of the State of New York v. FedEx Ground Package System, Inc. and FedEx Freight, Inc.*, ("FedEx Freight") (Civil Action No. 17-cv-5183-ER) ("*FedEx III*") alleging conduct similar to that alleged in the operative complaints in *FedEx I* and *FedEx II*;

**WHEREAS**, on September 27, 2018, the Court granted partial summary judgment in favor of Plaintiffs on liability on the AOC and CCTA claims, and also granted partial summary judgment

in favor of FedEx Ground, limiting the time period for which Plaintiffs could pursue the AOC and CCTA claims in *FedEx I* and FedEx *II*; and

**WHEREAS**, the City, the NYOAG, FedEx Ground, and FedEx Freight agree that settlement of *FedEx I, II, and III* (collectively, the "Litigation") is in the public interest, is a compromise of disputed claims, and is an appropriate means of resolving the claims asserted by Plaintiffs in their Complaints; and

**WHEREAS**, FedEx Ground and FedEx Freight neither admit nor deny the allegations in the operative complaints in *FedEx I, II*, and *III*;

**NOW, THEREFORE**, FedEx Corporation, FedEx Ground, Federal Express Corporation ("FedEx Express"), FedEx Freight, and FedEx Corporate Services, Inc. ("FedEx Services") (collectively, "FedEx"), the City, and the NYOAG (collectively, with FedEx, the "Parties") mutually agree as follows:

### TERMS

1.      FedEx Ground shall pay to Plaintiffs the total sum of $35,392,800.00 within 10 (ten) days of the execution of this Settlement Agreement.

2.      FedEx Ground, FedEx Express, and FedEx Freight ("FedEx Operating Companies" or "FedEx OpCos") shall at all times comply with the NYPHL (except as may be preempted by federal law), the CCTA, the PACT Act, and any other federal and state laws, in effect at the time of execution of this Settlement Agreement, pertaining to the transport of cigarettes into the State of New York.  FedEx Services, which is neither a contract nor common carrier and does not provide transportation services, shall also at all times comply with all terms of this Settlement Agreement, including the obligation to comply with the NYPHL (except as may be preempted by federal law), the CCTA, the PACT Act, and any other federal and state laws, in effect at the time

of execution of this Settlement Agreement, to the extent that it is acting as an agent for a FedEx OpCo with respect to the shipment of cigarettes into New York. FedEx Corporation will cause each of the FedEx OpCos and FedEx Services, which are wholly-owned subsidiaries of FedEx Corporation, and any of its other subsidiaries, affiliates or operating companies to comply with this Settlement Agreement. Nothing in this Settlement Agreement may be construed to expand any statutory right or obligation set forth in the CCTA, NYPHL, or PACT Act, including but not limited to applicable statutes of limitation.

     3.     Within 30 calendar days[1] of the execution of this Settlement Agreement, each FedEx OpCo shall review the current version of the PACT Act list ("NCL") of non-compliant delivery sellers ("NCDS"), which is attached as Exhibit "A," and shall conduct a search of appropriate client databases for each NCDS named on Exhibit "A," and confirm in writing to the City and the NYOAG that it is not providing any U.S. domestic delivery services to any such NCDS listed on Exhibit "A." In the event that any FedEx OpCo is providing U.S. domestic delivery services to any such NCDS, that FedEx OpCo shall promptly cease providing such services for such NCDS by terminating the shipping account(s) for that NCDS. The FedEx OpCo shall promptly inform the NYOAG and City of that termination. The obligation to terminate shipping account(s) pursuant to this paragraph shall not extend to any FedEx customer or account not explicitly identified on the NCL unless the FedEx OpCos confirm the identity of that FedEx customer or account based on the address provided in the NCL as the same as the entity listed on the NCL. Subject to the above, explicit identification does not include aliases, instances of doing

---

[1] Any references to "days" in this Settlement Agreement shall mean calendar days.

business as (d/b/a), derivations, and trade names of, or used by, non-compliant delivery sellers on the NCL.

4.    The FedEx OpCos shall maintain and adhere to a tobacco policy that prohibits any domestic shipments of any tobacco products, including cigarettes. FedEx Services shall adhere to that same tobacco policy.

5.    FedEx Ground has limited exceptions to this tobacco policy for four shippers (Meijer, Kroger, Dollar General, and Spartan Nash) as of the date of execution of this agreement, and those four shippers will be referred to in this agreement as the "Exception Shippers." The Exception Shippers have each signed agreements with FedEx Ground in which they represent and warrant that they are fully licensed and permitted to be a dealer or distributor to ship tobacco products into all states they intend to ship tobacco to and that they will abide by federal and state laws regarding the shipping of tobacco products, specifically including, but not limited to, the CCTA and the PACT Act. In addition, the Exception Shippers have agreed to immediately, on demand by FedEx Ground, provide proof (including, but not limited to, copies of any applicable license or permit) that they have complied with all applicable laws and regulations and to only ship tobacco products to licensed distributors.

6.    Direct to consumer tobacco shipments will remain prohibited for all shippers, including the Exception Shippers, and the Exception Shippers have agreed not to use FedEx Home Delivery or FedEx SmartPost services for their tobacco deliveries. Lastly, for their tobacco shipments, the Exception Shippers have agreed to use only FedEx provided or approved automated shipping devices and software, which are to be updated as directed by FedEx, and to accurately supply in the shipping software all information required with respect to tobacco products shipments, including, but not limited to, the licensed entity's name in the recipient's name field.

7.     In the event that any other customer of a FedEx OpCo seeks an exception to the tobacco policy specified in paragraph 4, and before that customer begins shipping tobacco with any FedEx OpCo, the FedEx OpCo that will handle the proposed shipments shall execute an agreement with that customer on substantially the same terms set forth above in paragraphs 5 and 6, and shall provide a copy of the agreement, with pricing and proprietary information redacted, to the Consultant in accordance with paragraph 13.e. below. The applicable FedEx OpCo will not accept any tobacco shipments from that customer until 30 days after the agreement has been submitted to the Consultant. In the event that the Consultant does not believe that an exception would be appropriate, he or she will first address any concerns to the FedEx OpCo that has executed the agreement.  If that FedEx OpCo and the Consultant cannot resolve these concerns, the FedEx OpCo or the Consultant may apply to the Court to determine whether the exception agreement complies with this Settlement Agreement.  The relevant FedEx OpCo shall not provide tobacco products shipments in the absence of a current agreement consistent with this paragraph and paragraphs 5 and 6.

8.     The relevant FedEx OpCo and FedEx Services shall implement and provide annual training to all FedEx Services domestic sales account executives and their managers, all FedEx Ground station and hub managers, all FedEx Freight service center managers, and all FedEx Express managers in U.S. Operations and Air Ground & Freight Services.  Such training shall include (i) training on FedEx's tobacco policy; (ii) instruction that any known or suspected improper tobacco shipments shall be brought to the attention of the FedEx Legal Department; and (iii) a summary of FedEx's obligations under this Settlement Agreement.  Based on FedEx's representation that only FedEx Ground engages Contracted Service Providers ("CSP") for pickup, delivery, and transportation services, the information in sections (i) and (ii) above shall also be

provided contemporaneously to all then-current FedEx Ground Contracted Service Provider ("CSP") Authorized Officers with instructions that the information be communicated to each of their employees.

9.     FedEx shall communicate to all FedEx Services domestic sales personnel, including account executives and their managers, all FedEx Ground station and hub managers, all FedEx Freight service center managers, and all FedEx Express managers in U.S. Operations and Air Ground & Freight Services (AGFS) managers, and CSPs, its tobacco policy and the directive that any known or suspected improper tobacco shipments must be brought to the attention of the FedEx Legal Department.  Such communications shall be made not less than annually, and shall be made through the *Sales Weekly*, *The Daily Ground*, and *The Daily News* online newsletters and the *MyGroundBiz* contracted service provider online platform or any similar or successor platform. Communications with CSPs shall include an instruction that the information communicated be disseminated to each of their employees.

10.     The appropriate FedEx OpCo or FedEx Services shall take appropriate disciplinary and/or remedial action with respect to any employee or CSP that knowingly facilitates tobacco shipments in violation of FedEx's tobacco policy.

11.     Subject to the qualification and vendor engagement requirement provisions of paragraph 12, the FedEx OpCos shall retain an independent consultant (the "Consultant") to assist in their compliance with this Settlement Agreement, the CCTA, the NYPHL, the PACT Act, and any other federal or state laws pertaining to the transport of cigarettes into the State of New York within two weeks of execution of this Settlement Agreement. The Consultant shall serve for a period concurrent with this Settlement Agreement, including any extensions of this Settlement Agreement.

12.     Prior to the execution of this Settlement Agreement, the NYOAG and the City shall jointly propose three candidates for the position of Consultant for FedEx's consideration.  Each candidate will ensure that his or her team will have individuals with law enforcement experience or expertise in the prevention of illegal cigarette shipments.  The FedEx OpCos shall select one of the three candidates to serve as the Consultant; subject to the following: if none of the candidates proposed by the NYOAG and the City are qualified, or if they fail to meet basic requirements for engagement as a vendor, the NYOAG and the City shall jointly propose three additional candidates for consideration by the FedEx OpCos. This process shall continue until a qualified candidate that meets basic requirements for engagement as a vendor is proposed by the NYOAG and the City and selected by the FedEx OpCos.  For purposes of this paragraph, qualified shall mean that the candidate is former law enforcement with expertise in the prevention of illegal cigarette shipments. For purposes of this paragraph, the basic requirements for engagement as a vendor include those reasonable considerations that provide protection for vendor and vendee, including but not limited to information security protection, protection of ownership rights for FedEx intellectual property, adequate insurance coverages, compliance with laws, appropriate business or trade name, right of audit, confidentiality, protection of proprietary information, reasonable compensation terms, personal identifiable (PII) protection, mutual indemnification, absence of conflicts of interest, restriction on publication, non-assignment, change of control, excused non-performance (e.g., force majeure), and severability. The FedEx OpCos shall be solely responsible for the reasonable fees and expenses of the Consultant, and the City and NYOAG shall have no responsibility for any such payments.

13.     The FedEx OpCos shall enter into an agreement with the Consultant on terms consistent with the following:

a. The Consultant will advise the FedEx OpCos on compliance with the CCTA, the NYPHL, the PACT Act, this Settlement Agreement, and any other federal and state laws pertaining to the transport of cigarettes into the State of New York.

b. The Consultant will assist the FedEx OpCos in identifying shippers that may be using any of the FedEx OpCos to ship cigarettes in contravention of law ("potential cigarette shippers") through information that is available to (i) the Consultant or (ii) the FedEx OpCos or FedEx Services in the ordinary course of business.

c. Upon reasonable notice by the Consultant, including the reason for requesting access, FedEx shall provide the Consultant with access to FedEx Ops Cos' facilities provided that the Consultant is escorted at such facilities by FedEx Security personnel.

d. The FedEx OpCos shall provide the Consultant with shipping account number(s), available addresses of pickups, invoices redacted of pricing and proprietary information related to the potential cigarette shippers. The FedEx OpCos will also provide Improper Shipping Forms, claims forms, and damaged package reports that identify cigarette or tobacco shipments other than shipments from Exception Shippers described above in paragraph 5. To the extent that the Consultant identifies a potential cigarette shipper through other means, the FedEx OpCos shall provide the Consultant with additional information requested by the Consultant, including access to its employees and their call notes, provided that the request is (i) specific to that potential cigarette shipper (*i.e.*, the employee had direct contact with the potential cigarette shipper), (ii) for readily available information, and (iii) reasonably calculated to assist the Consultant in determining whether any shippers

may be using any of the FedEx OpCos to ship cigarettes in contravention of law. In order to assist the Consultant in performing the duties set forth in this paragraph, FedEx Ground agrees to facilitate reasonable access to CSPs that have direct contact with the potential cigarette shipper. To the extent that the Consultant requests information or access to information that the FedEx OpCo refuses to provide because the request is unreasonable, seeks information not readily available, or is not reasonably calculated to assist the Consultant in determining whether any shippers may be using any of the FedEx OpCos to ship cigarettes in contravention of law, the Consultant may seek a determination from the Court.

e.  The FedEx OpCos shall provide copies of the agreements with the Exception Shippers to the Consultant.  Pricing and any proprietary information shall be redacted from these agreements.

f.  The FedEx OpCos shall conduct "package traps" and palletized shipment inspections of potential cigarette shippers as recommended by the Consultant, to ensure that such shippers are not shipping cigarettes in contravention of law.  The package traps and palletized shipment inspections will be conducted by FedEx Security personnel, and will include no more than fifteen shippers each calendar quarter, and will involve the inspection of no more than 15 packages or 3 pallets during any package trap or palletized shipment inspection.  To the extent that the Consultant identifies a potential cigarette shipper and believes that a package trap or palletized shipment inspection in addition to those set forth above is necessary, he or she will inform and discuss with the relevant FedEx OpCo.  In the event the

FedEx OpCo and the Consultant cannot agree, the Consultant may seek a determination from the Court.

14.     If any FedEx OpCo becomes aware through (i) information provided by the Consultant, (ii) through the detection efforts identified in paragraph 13, or (iii) through the submission of an Improper Shipping Form, claims form, or damaged package report to the relevant FedEx OpCo, that a shipper may be using FedEx to ship cigarettes illegally, including through any such submission related to cigarette shipments into a state other than New York, the following Notification and Response Provisions shall apply:

a.   Within 15 days, the applicable FedEx OpCo shall notify the shipper that FedEx has received information that the shipper may be using FedEx to ship cigarettes into New York in contravention of law.

b.   If the shipper fails to respond within 15 days, all FedEx OpCos shall terminate the shipping account that was used for the possible shipment of tobacco and will notify the Consultant of the account's termination.

c.   If the shipper responds, the FedEx OpCo shall provide a copy of that response ("shipper response") to the Consultant within 15 days of receipt.

d.   Within 30 days of receipt of the shipper response, the Consultant will notify the FedEx OpCo of its position regarding whether additional action, including termination of the shipper's account(s), is appropriate.

e.   If the Consultant recommends termination of the shipper's account(s), all FedEx OpCos shall do so within 30 days from the Consultant's notice to each FedEx OpCo's General Counsel.

f.  If the Consultant does not recommend that the shipper's account(s) be terminated, the FedEx OpCos may continue to provide service to that shipper, and such continued shipments shall not constitute violations of this Settlement Agreement.

15.     The Consultant will promptly inform NYOAG, the City, and each FedEx OpCo if it becomes aware that a shipper may be using FedEx to illegally ship cigarettes, and the applicable FedEx OpCo will follow the Notification and Response Provisions set forth above. Unless this information is provided by the Consultant to the FedEx OpCos or FedEx Services, or the FedEx OpCos or FedEx Services independently learn of such information through the submission of an Improper Shipping Form, claims form, or damaged package report, there shall be no obligation, under this Settlement Agreement, upon any FedEx OpCo to take any action with respect to such shippers. Nothing in this paragraph impacts each FedEx OpCo's ongoing obligation to comply with the CCTA, the NYPHL, the PACT Act, and any other federal or state laws pertaining to the transport of cigarettes into the State of New York.

16.     The Consultant shall submit a confidential Quarterly Report to the City, the NYOAG, and the FedEx OpCos on March 15, 2019, June 15, 2019, September 15, 2019, December 15, 2019, March 15, 2020, June 15, 2020, September 15, 2020, and December 15, 2020; and on the same quarterly intervals in the event of any extension to this Settlement Agreement. The Report shall identify any shipper that has been determined to be potentially using a FedEx OpCo to ship cigarettes and the actions taken with respect to that shipper, including any terminations pursuant to Paragraph 14.d and 14.e. The Report will also describe the annual training and annual communications set forth in paragraphs 8 and 9. The NYOAG, the City, the Consultant, the FedEx OpCos, and FedEx Services shall maintain the confidentiality of each Quarterly Report at all times.

17.     During the term of the Settlement Agreement and anytime thereafter, the NYOAG shall not commence any action, and the City shall not commence any civil action that arises out of any cigarettes that were shipped into New York State during the term of this Settlement Agreement or during any extensions of the Settlement Agreement.  The foregoing includes any action under common law, regulation, order, or statute, including but not limited to the CCTA, NYPHL, PACT Act, NY Executive Law, the AOC, or any other state or federal law related to cigarette shipments into New York State, against the FedEx Corporation or any of its subsidiaries, affiliates, or operating companies, including the FedEx OpCos, and FedEx Services, provided that the NYOAG and the City retain the right to enforce this Settlement Agreement pursuant to paragraph 20.

18.     In the event that the person who is retained as Consultant resigns or otherwise ceases to serve as Consultant, a new Consultant shall be selected in accordance with paragraphs 12-13, except that the NYOAG and the City shall jointly propose three candidates for the position of Consultant for FedEx's consideration within 15 days of the cessation of the Consultant's services; and subject to the following: the FedEx OpCos shall, within 15 days, determine whether any of the candidates are qualified and meet the basic requirements for engagement as a vendor. If none of the candidates proposed by the NYOAG and the City are qualified, or if they fail to meet basic requirements for engagement as a vendor, the NYOAG and the City shall, within 15 days, jointly propose three additional candidates for consideration by the FedEx OpCos. This process shall continue until a qualified candidate that meets basic requirements for engagement as a vendor is proposed by the NYOAG and the City and selected by the FedEx OpCos. For purposes of this paragraph, qualified shall mean that the candidate is former law enforcement with expertise in the prevention of illegal cigarette shipments. For purposes of this paragraph, the basic requirements for engagement as a vendor include those reasonable considerations that provide

protection for vendor and vendee, including but not limited to information security protection, protection of ownership rights for FedEx intellectual property, adequate insurance coverages, compliance with laws, appropriate business or trade name, right of audit, confidentiality, protection of proprietary information, reasonable compensation terms, personal identifiable (PII) protection, mutual indemnification, absence of conflicts of interest, restriction on publication, non-assignment, change of control, excused non-performance (e.g., force majeure), and severability. Upon selection of the Consultant, the FedEx OpCos will make every reasonable effort to ensure the engagement of the Consultant occurs within thirty (30) days. The parties reserve the right to request that the Court resolve any dispute that arises under this paragraph in accordance with paragraph 21.

19.     Plaintiffs release FedEx Corporation and all of its subsidiaries, affiliates, and operating companies, including but not limited to the FedEx OpCos and FedEx Services from all claims asserted in the Litigation and of all other claims, either known or unknown by the Plaintiffs, relating to FedEx's alleged shipment of cigarettes into the City of New York and/or the State of New York prior to the execution of the Settlement Agreement.  Plaintiffs' release of FedEx Corporation is in consideration of the compliance obligations of the FedEx OpCos and FedEx Services set forth in paragraph 2.

20.     A material breach of this Agreement is a shipment of cigarettes into the State of New York for a potential cigarette shipper 45 days after the Consultant has provided notice to the relevant FedEx OpCo that the potential cigarette shipper's account(s) should be terminated as set forth above in paragraph 14.d and 14.e.

21.     The Parties agree to jointly request that the Court retain jurisdiction over the Settlement Agreement for the purpose of resolving any disputes under this Settlement Agreement

and enforcing the terms of this Settlement Agreement, including providing any monetary and/or other relief it deems appropriate in the event of a breach of this Settlement Agreement. In the event the Court declines to exercise jurisdiction, the parties will request that the Court select a Special Master or Magistrate Judge in the Southern District of New York to retain jurisdiction over the Settlement Agreement for the purpose of resolving any disputes brought to the Court by the Consultant and to enforce the terms of this Settlement Agreement, including providing any monetary and/or other relief it deems appropriate in the event of a breach of this Settlement Agreement. The NYOAG and the City shall not seek monetary and/or other relief arising out of the shipment of cigarettes into the State of New York unless the shipment constitutes a material breach pursuant to paragraph 20 of this Settlement Agreement.

22.      Upon receipt of the funds in paragraph 1 of this Settlement Agreement and execution of this Settlement Agreement, the Parties will jointly seek to dismiss *FedEx I* and *FedEx II* with prejudice.

23.      Upon receipt of the funds in paragraph 1 of this Settlement Agreement and execution of this Settlement Agreement, Plaintiffs will voluntarily dismiss *FedEx III* with prejudice.

24.      In entering the Settlement Agreement, FedEx Ground, FedEx Express, and FedEx Freight expressly reserve and do not waive their position(s) that the NYPHL is preempted by federal law, including by the Federal Aviation Administration Authorization Act of 1994, the Airline Deregulation Act of 1978, or the PACT Act.

25.      The effective date of this Settlement Agreement shall be the date upon which all of the Parties execute the Settlement Agreement. The term of the Settlement Agreement shall be two years from the effective date. In the event that the Court, upon application from the NYOAG or

the City that is based on a recommendation from the Consultant, determines that any of the FedEx OpCos or FedEx Services have materially breached this Settlement Agreement, the Court may, in its sole discretion, extend the term of the Settlement Agreement for a period not to exceed one year for each year in which there was a breach.

26.     The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

27.     Upon execution of this Settlement Agreement, the February 3, 2006 Assurance of Compliance ("AOC") shall be terminated and shall no longer be of any force or effect.  Solely for the purpose of terminating the AOC, the parties to the AOC agree that execution of this Settlement Agreement satisfies any and all requirements in paragraph 34 of the AOC that any alteration, amendment, modification or change to the AOC be reflected by a writing executed by the parties or their authorized representatives.

28.     The failure by any party to enforce any provision of the Settlement Agreement with respect to any deadline or other provision herein shall not be construed as a waiver of its right to enforce deadlines or provisions of this Settlement Agreement.

29.     Unless otherwise specified in this Settlement Agreement, whenever notifications, submissions, or communications are required by this Settlement Agreement, they shall be made in writing and addressed as follows:

| | |
|---|---|
| As to the NYOAG: | Bureau Chief, Health Care Bureau<br>Office of the Attorney General<br>28 Liberty Street, 19th Floor<br>New York, NY 10005 |
| As to the City: | Chief, Affirmative Litigation Division<br>New York City Law Department<br>100 Church Street<br>New York, NY 10007 |

As to FedEx:                Corporate Vice President – Global Chief
                            Compliance and Governance Officer
                            FedEx Corporation
                            942 S. Shady Grove Road
                            Memphis, TN 38120

                            Senior Vice President and General Counsel
                            FedEx Ground Package System, Inc.
                            1000 FedEx Drive
                            Moon Township, PA 15108

                            Senior Vice President and General Counsel
                            Federal Express Corporation
                            3610 Hacks Cross Road
                            Memphis, TN 38125

                            Senior Vice President and General Counsel
                            FedEx Freight, Inc.
                            1715 Aaron Brenner Drive
                            Memphis, TN 38120

                            Corporate Vice President
                            Customer/Business Transactions
                            FedEx Corporate Services, Inc.
                            942 S. Shady Grove Road
                            Memphis, TN 38120

30.     The Settlement Agreement constitutes the final, complete, and exclusive agreement
and understanding among the Parties with respect to this Settlement Agreement.  No prior or
contemporaneous agreements, oral or written, contemplated or entered into prior to the execution
of this Settlement Agreement regarding the subject matter of this Litigation shall be deemed to
exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein.

31.     This Settlement Agreement may not be modified without the written consent of the
Parties.

32.     Each undersigned representative of FedEx Ground, FedEx Freight, FedEx Express,

FedEx Services, the NYOAG, and the City certifies that he or she is fully authorized to enter into

the terms and conditions of this Settlement Agreement.

33.     This Settlement Agreement may be executed in multiple counterparts, and faxed

and/or emailed signatures will be valid and enforceable, each of which shall be deemed an original,

and all of which shall constitute one and the same document.

Dated: New York, New York
December  27, 2018

                                        BARBARA D. UNDERWOOD
                                        Attorney General of the State of New York

                        By:     *Manisha M. Sheth /P.S.*
                                        Manisha M. Sheth

                                        Executive Deputy Attorney General
                                        for the Economic Justice Division

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York

                        By:     _____
                                        Eric Proshansky
                                        Assistant Corporation Counsel

deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein.

31.     This Settlement Agreement may not be modified without the written consent of the Parties.

32.     Each undersigned representative of FedEx Ground, FedEx Freight, FedEx Express, FedEx Services, the NYOAG, and the City certifies that he or she is fully authorized to enter into the terms and conditions of this Settlement Agreement.

33.     This Settlement Agreement may be executed in multiple counterparts, and faxed and/or emailed signatures will be valid and enforceable, each of which shall be deemed an original, and all of which shall constitute one and the same document.

Dated: New York, New York
December   , 2018

<div style="margin-left: 40%;">

BARBARA D. UNDERWOOD
Attorney General of the State of New York

By:     _____

     Manisha M. Sheth

     Executive Deputy Attorney General
     for the Economic Justice Division

ZACHARY W. CARTER
Corporation Counsel of the City of New York

By:     _____

     Eric Proshansky
     Assistant Corporation Counsel

</div>

FEDEX CORPORATION

By: _____

Robert T. Molinet
Corporate Vice President - Global Chief
Compliance & Governance Officer


FEDEX GROUND PACKAGE SYSTEM,
INC.


By: _____

Cary S. Blancett
Senior Vice President and General Counsel


FEDERAL EXPRESS CORPORATION


By: _____

M. Rush O'Keefe
Senior Vice President and General Counsel


FEDEX FREIGHT, INC.


By: _____

Robert H. Rhea
Senior Vice President and General Counsel


FEDEX CORPORATE SERVICES, INC.


By: _____

James H. Ferguson
Corporate Vice President
Customer/Business Transactions

FEDEX CORPORATION

By: _____
Robert T. Molinet
Corporate Vice President - Global Chief
Compliance & Governance Officer

FEDEX GROUND PACKAGE SYSTEM, INC.

By: _____
Cary S. Blancett
Senior Vice President and General Counsel

FEDERAL EXPRESS CORPORATION

By: _____
M. Rush O'Keefe
Senior Vice President and General Counsel

FEDEX FREIGHT, INC.

By: _____
Robert H. Rhea
Senior Vice President and General Counsel

FEDEX CORPORATE SERVICES, INC.

By: _____
James H. Ferguson
Corporate Vice President
Customer/Business Transactions

FEDEX CORPORATION

By: _____
Robert T. Molinet
Corporate Vice President - Global Chief
Compliance & Governance Officer

FEDEX GROUND PACKAGE SYSTEM,
INC.

By: _____
Cary S. Blancett
Senior Vice President and General Counsel

FEDERAL EXPRESS CORPORATION

By: _____
M. Rush O'Keefe
Senior Vice President and General Counsel

FEDEX FREIGHT, INC.

By: _____
Robert H. Rhea
Senior Vice President and General Counsel

FEDEX CORPORATE SERVICES, INC.

By: _____
James H. Ferguson
Corporate Vice President
Customer/Business Transactions

FEDEX CORPORATION

By:   _____
Robert T. Molinet
Corporate Vice President - Global Chief
Compliance & Governance Officer


FEDEX GROUND PACKAGE SYSTEM,
INC.

By:   _____
Cary S. Blancett
Senior Vice President and General Counsel


FEDERAL EXPRESS CORPORATION

By:   _____
M. Rush O'Keefe
Senior Vice President and General Counsel


FEDEX FREIGHT, INC.

By:   _Robert H. Rhea_____
Robert H. Rhea
Senior Vice President and General Counsel


FEDEX CORPORATE SERVICES, INC.

By:   _____
James H. Ferguson
Corporate Vice President
Customer/Business Transactions

FEDEX CORPORATION

By: _____
Robert T. Molinet
Corporate Vice President - Global Chief
Compliance & Governance Officer

FEDEX GROUND PACKAGE SYSTEM,
INC.

By: _____
Cary S. Blancett
Senior Vice President and General Counsel

FEDERAL EXPRESS CORPORATION

By: _____
M. Rush O'Keefe
Senior Vice President and General Counsel

FEDEX FREIGHT, INC.

By: _____
Robert H. Rhea
Senior Vice President and General Counsel

FEDEX CORPORATE SERVICES, INC.

By: _____
James H. Ferguson
General Counsel